PeaRsqn, J.
 

 The gravamen of the action is, that the defendant had connection with the plaintiff’s daughter, who ■was sixteen years of age, and a member of his household, and in contemplation of law, his servant; whereby she became pregnant, and was delivered of a child, by reason of which he lost her services. The plaintiff, having proven these allegations, made out his case, and was entitled to damages to some amount.
 

 Whatever bearing the forward and indelicate conduct of the plaintiff’s daughter ought to have had, on the question of damages, it certainly had none on the question of his right of action. In respect to him, she had no ldght to consent, and her act in assenting to, or even procuring, the criminal connection was a nullity; so the defendant must stand as a wrongdoer, from whose act the plaintiff has suffered damage. There is
 
 damnum et injuria.
 

 This is a full answer to the defendant’s exceptions to the
 
 *31
 
 charge. The exceptions to the evidence relate to. the question of damages. If, in this action, the plaintiff is confined to the damage, suffered by the loss of service, it is clear that the character of the plaintiff and his family, and the pecuniary “ circumstances” of the defendant, are not relevant to the injury, and the exception of the defendant to the evidence is well founded.. But, if the plaintiff has a right to ask for, not merely the damage suffered by the loss of service, but for such an amount as will be a fit compensation (as far as dollars and cents can atone for it) for a parent’s injury and a deserved punishment for a breach of social duty, then it is equally clear, that the character of the plaintiff and his family and the pecuniary “ circumstances” of the defendant are relevant, and that his Honor did not err in allowing these facts to be put into the possession of the jury.
 

 That exemplary damages can be given in an action of this kind, is not an open question. An attempt was made in
 
 Gilreath
 
 v
 
 Allen,
 
 10 Ire. 67, to open the question in .an action of slander, but the Court hold, that the matter is settled, and observe, “it is fortunate, that-while juries endeavor to give ample compensation for the injury actually sustained, they are allowed such full discretion as to make verdicts to deter others from flagrant violations of social duty.” To enable juries properly to exercise this discretion, it is necessary to put them in possession of all the facts and circumstances connected with the parties as well as the act. If the plaintiff and his family are respectable — that is, 'have a good general character, the jury should know it, so as to enable them to judge of the degree of suffering and agony inflicted on them ; and if, on the contrary, he is de based, and has, by his conduct, exposed h'imself to the injury, the defendant, in mitigation of damages, is at liberty to prove it. So, if the defendant,, besides violating the or
 
 *32
 
 dinary social relation, has violated the more intimate rela. tion of a boarder, or a teacher, or a physician, the Jury should know it, so as to apportion the punishment. And, for the same reason, they should know his " pecuniary circumstances.” A thousand dollars may be a less punishment to one man, than a hundred dollars to another.
 

 It was said, in the argument, that evidence of general character is not admissible, except in such actions as put character in issue ; and, consequently, such evidence could only be received in actions of Slander. The expression is used in'several of the text books, but it is ill-conceived and inaccurate. Character is not put in issue, in an action of Slander, under the general issue. The speaking of the words is put in issue, under the plea of justification. If the words import a particular charge, the specific offence only is put ih issue.
 
 Sharpe
 
 v
 
 Stephenson, 12
 
 Ired 348. If the words are general, only a specific offence, of the kind embraced under the general charge, is put in issue.
 
 Snow v Wicker,
 
 7 Ired. 346.
 

 Character is not brought into the question, except upon, the inquiry as to damages. Evidence of general character is not admissible, except in those actions where the Jury may, in its discretion, give exemplary damages. In su.ch actions, upon the inquiry as to damages, for the purpose of regulating the discretion of Juries, they should be put into possession of all the circumstances connected with the grievance. Thus, the general character and conduct of the plaintiff and his family, and the pecuniary circumstances of the defendant, are relevant, and may be brought into the question, by either party.
 

 Pee Curiam. Judgment affirmed.