Gover v. Dill.

---

## GOVER *v.* DILL.

Before a party can avail himself in the appellate court, of an error in the instructions of the District Court, it must appear from the record, that he excepted at the time the instructions were given.

Sections 1696 and 1697 of the Code, contemplate that the person seduced, shall be unmarried at the time of such seduction.

If an instruction is inapplicable, however correct it may be in the abstract, it is not error to refuse it.

Where in an action for seduction, the petition alleged a promise of marriage, for the purpose of specifying the manner in which the defendant practiced his flattery and deception, and it did not appear from the record that the plaintiff claimed damages for the breach of this promise; and where the defendant asked the court to instruct the jury as follows: "1. That this suit is brought for seduction only, and not for breach of promise of marriage; and that such promise, if any, cannot be considered in reference to the measure of damage. 2. That if any promise of marriage was made by the defendant to plaintiff, she has a right to bring her action for a breach (if any) of such promise; and the same cannot be taken into consideration by the jury, in measuring the damages in this case," which instructions were refused; *Held*, That the instructions were inapplicable, and properly refused.

Where in an action for seduction, the petition alleged that the plaintiff, at the time of the seduction, was an unmarried female, which was not denied by the answer; and where the defendant asked the court to instruct the jury as follows: "That to sustain this action, the plaintiff must prove that she was unmarried at the time of the alleged seduction," which instruction was refused; *Held*, That the instruction, although correct, was properly refused.

*Appeal from the Jefferson District Court.*

SEDUCTION.—On the trial, the defendant asked various instructions, which were refused, as is shown by the bill of exceptions, because of their inapplicability, and because the same had been given in the instructions in chief. The ma-

Gover v. Dill.

terial facts sufficiently appear in the opinion of the court. The defendant appeals.

*Slagle & Acheson*, for the appellant.

*Clinton & Baldwin*, for the appellee.

WRIGHT, C. J.—Three errors are urged, and relied upon in this case:

*First.* That the court erred in the instructions in chief, given to the jury.

*Second.* The refusing the instructions asked by defendant.

*Third.* In overruling defendant's motion in arrest, and for a new trial.

Various objections are urged to the instructions in chief, but however well founded, we cannot consider them, for the reason that no objection appears to have been made by defendant, at the time they were given to the jury. Before a party can avail himself in this court, of an error in the instructions of the court below, he should except at the time, and have his exceptions shown by the record. This has been too frequently so decided in this court, to be longer treated as an open question.

Under the second assignment, it is claimed, that the court erred in refusing the following instructions asked by defendant, and to which refusal he at the time excepted.

*First.* That this suit is brought for seduction only, and not for breach of promise of marriage. And that such promise, if any, cannot be considered in reference to the measure of damages.

*Second.* That if any promise of marriage was made by defendant, to plaintiff, she has a right to bring her action for a breach (if any) of such promise, and the same cannot be taken into consideration by the jury, in measuring the damages in this case.

*Third.* That to sustain this action, the plaintiff must have proved to the jury, that she was unmarried, at the time of the alleged seduction.

Gover v. Dill.

Our Code gives the unmarried female, the right to prosecute an action for her own seduction, and to recover the damages that may be assessed in her favor.   If such female shall be a minor, however, the father, mother, or guardian, may bring the suit, and this right of action they have, without reference to the question, whether she is living with or in their service, and though there be no loss of service; and the damages so recovered, enure to the sole benefit of the said ward or minor.  Sections 1696 and 1697.  Whether, in either instance, the plaintiff may, under our law, unite in the same action a claim for seduction and for breach of promise of marriage, we do not propose at this time to determine. Nor is it necessary for us now to decide, whether if the seduction was accomplished by promise of marriage, such promise could be considered in determining the measure of damages claimed for such seduction.   We think the case can be decided without entering upon the consideration of these questions.

It appears that some of the defendant's instructions were refused, because they were inapplicable, while some were refused, because others were substituted, or as we understand the record, because they had been substantially given in the instructions in chief.

We are unable to see the applicability of the first and second instruction referred to above.   No part of the record developes the fact, that plaintiff claimed damages by reason of any breach of a marriage contract.   The original petition claimed of defendant the sum of five thousand dollars, and for cause of such claim set forth that he did " by flattery and deception, seduce and debauch, and carnally know the said plaintiff, then an unmarried female, of previous chaste character."   To this petition there was a demurrer, for the reason that it did not state " in what the flattery and deception, charged consisted," or " what false promises were made by defendant."   To this demurrer the plaintiff submitted, and amended her petition, stating therein, among other things, the following : that at the time mentioned in the original petition, and for a long time previous thereto, the de-

fendant had been paying particular attention to her, and had pretended to her that she had his best affections; that he pretended to be your petitioner's near friend, and professed heartily to love her, and indeed went so far as to promise to marry her, and promised and said he would be faithful to his promise to marry your petitioner, if she would allow him to have connection with her.   But your petitioner now says, that said professions, pretences, and promises, were all false and deceitful, and that defendant's real object was to impose upon her, and ruin her character for chastity and virtue." And it also further appears, that testimony was introduced tending to prove the seduction, and also a promise of marriage.   Beyond this, there is nothing to show that the plaintiff pretended to claim damages, by reason of any breach of a marriage contract.   The petition claims nothing of the kind.   The promise to marry is set forth, evidently for the purpose of specifying the manner in which defendant had practiced his flattery and deception, and the proof does not appear to have been made for any other purpose.   To entitle the plaintiff to recover, it was not sufficient that she should show alone, that defendant had carnally known her, or that there was merely an illicit intercourse between them; but she was required to show, that the defendant accomplished his purpose by some promise or artifice, or that she was persuaded to surrender herself to his embraces, by his flattery or deception.   There may be, between man and woman, a criminal connection, and yet he not be guilty of seduction.   If she, without being deceived by him, or without any false promises, deceit, or artifice, on his part, voluntarily submits to the connection, he is not liable to this action. And in view of this requirement, it was, as we suppose, that plaintiff amended her petition, so as to show how, and by what manner, defendant did succeed in accomplishing his purposes.   The breach of the promise of marriage, is not set forth as the gravamen of the action, as a cause of her claim; but as one of the means used to accomplish that injury of which she does complain, and for which alone, she asks damages.   Under such circumstances, we cannot suppose

Gover v. Dill.

that proof was made to show her damages for anything else than the seduction, or that she was allowed to ask damages for anything else. If it appeared, that she claimed before the jury, damages, resulting from a breach of such promise, or that proof was admitted for that purpose, then the instructions asked, might have been applicable. But in the absence of any such showing, we think the court below might well refuse them, as not being applicable. We would not, and do not say, that it would have been erroneous to have given the instructions. But if an instruction is ever so correct, in the abstract, it is not error to refuse it, if not applicable.

To illustrate the view here taken with a little positive particularity, let us suppose the defendant had asked the court to instruct the jury, that the plaintiff could not recover in this action, or have her damages enhanced, because of any slanderous words spoken by him touching her character for chastity, and such instruction had been refused, as being inapplicable. Could it be claimed with reason, that the court erred in such refusal, because the instruction, abstractly considered, was correct, and should therefore have been given? We think not. We are aware that it is frequently the case, that an instruction becomes applicable from the manner in which a case may be conducted, when in fact, its applicability is not apparent from the record itself. In such cases, it is the duty of counsel (especially when an instruction is refused as being inapplicable), to have embodied in the bill of exceptions, such facts as tend to show their right to the instruction. In this case, suppose it to be true, that counsel for plaintiff claimed in argument to the jury, that the breach of the promise to marry, must, and should, be taken into consideration by them, in estimating her damages. If this was shown, then the instructions asked would have been pertinent. As it is, however, there is nothing in the record before us, to develop this pertinency, and we cannot say that the court, in the exercise of a sound discretion, erred in in refusing them. We have already said that a court is not bound to give an irrelevant instruction, though it may be correct, abstractly considered. And we may add, that it is

the duty of the court to confine the instructions, as far as possible, to the law arising strictly in the particular case, and not to incumber the record, and confuse the jury, by giving every instruction which counsel in their commendable zeal and care, may ask.   In this instance, we think there would have been no error in giving the instructions; nor do we think, under the circumstances, that it was error to refuse them.

We next come to the consideration of the third instruction above set forth.   We entertain no doubt, but that sections 1696 and 1697 of the Code, contemplate that the person se-duced shall be unmarried at the time of such seduction.   The object of these sections is to give the right of action to the party injured, or the damages to her, instead of leaving the right alone in the parent or guardian.   Formerly, we know, to the parent was given the right to sue, based upon the loss of service of the child or ward.   And hence the particularity required in such actions, in showing that the daughter or ward was living with, or in the service of, the party suing. But it was not designed by the Code, to give a right of ac-tion to the female in her own name (or by guardian or pa-rent, if under age), unless she was unmarried at the time the grievances complained of, were committed.   Entertaining these views, we have no hesitation in saying, that the in-structions asked on this subject by defendant, were correct, and should have been given, unless there is something in the record that shows good reason for its refusal.

The plaintiff in her petition alleges, that at the *time* of her seduction, she was an unmarried female, of previous chaste character.   This was a material affirmative allegation, as much so as the allegation that she was seduced by defend-ant; and being such, it was the duty of the defendant in his answer, to specifically, either admit or deny it, or state some sufficient reason for not so doing.   If he failed to do this, the allegation is, under the Code, to be taken as true.   We find in the answer nothing of the kind.   He denies the seduction, but nowhere takes issue upon the allegation contained in the petition, that plaintiff was at the time unmarried.   This

being the case, it was unnecessary for her to prove that she, at the time, was a *feme sole ;* for that which is admitted, needs no proof. For this reason, then, we think the court might properly refuse to instruct the jury, that she must *prove* she was unmarried at the time of the seduction.

But, again, we are led to believe that the refusal of this instruction, did in no manner prejudice the defendant's rights. The instructions in chief, which are copied in this record, are very full, and with great particularity refer to many, if not all, the positions assumed on either side of the prosecution and defence of the case. The jury are told that plaintiff must satisfy them, before she can recover, that she is an unmarried female ; that her previous character is presumed to have been good ; that this presumption will warrant them in so finding, unless the defendant had satisfied them that she was not virtuous, but that she had previously prostituted herself to the embraces of other men ; and if the defendant had so satisfied them, their verdict was to be for defendant. And again, the jury are told, " if the plaintiff has satisfied you that she is an unmarried female, and that her seduction was accomplished by the defendant, and that defendant has failed to satisfy you that she was unchaste, and had previously lost her virginity, then you will find for plaintiff." And still further, the jury are told, that " it is admitted by counsel for plaintiff, however the law may be, that in this case they will, for the purposes of this trial, concede, that the person seduced must have been previously of chaste character—that she yet preserved that priceless jewel that is the peculiar badge of the virtuous *unmarried female.*" And yet, notwithstanding the apparent completeness of these instructions, there is nothing to indicate that the fact of the plaintiff's being unmarried, at the time of the alleged seduction, was controverted or formed any part of the defence. Giving to the language above quoted, its legitimate purport, it can mean nothing else, than that this was conceded, and the jury must have so believed, before they could have found in plaintiff's favor.

The only remaining assignment of error, relates to the

overruling of the motions for a new trial, and an arrest of judgment. As these motions were based upon the above supposed errors in the instructions and refusals to instruct, it becomes unnecessary to further examine them.

Judgment affirmed.