Nov. Term, 1861.

BELLOWS
v.
McGINNIS.

---

### BELLOWS and Another *v.* McGINNIS.

*A.*, by his will, devised certain real estate to his wife for life, and at her death to be sold by his executor to the highest bidder among his children. The widow leased the land for the term of her life to one *B.*, who, after her death, continued in possession as a tenant at sufferance. In *September*, 1858, the executor sold the land to a child of the testator, who assigned his certificate of purchase to *C.*, a married woman. The sale was confirmed by the Court, *January* 3, 1859, and the executor ordered to make a deed to *C.*, which he did on *March* 7, 1859. Suit by *C.* and her husband against *B.*, alleging, that on *January* 4, 1859, and on divers other days, between that day and *March* 10, 1859, the said *B.* wrongfully, and without license, turned a large number of hogs upon a meadow, part of said real estate, whereby the same was rooted up and injured; and also dug up and carried away a large number of fruit trees.

*Held*, that the husband was properly joined with the wife, as plaintiff.

*Held*, also, that when the deed was executed, it related back to the time the sale was confirmed and the deed ordered, so as to vest in *C.* the same rights as if the deed had been then executed and delivered.

*Held*, also, that the facts stated in the complaint constituted a good cause of action.

*Tuesday, November* 26.

APPEAL from the *Clark* Circuit Court.

WORDEN, J.—This was an action by *Bellows* and wife,

against *McGinnis*. Demurrer to the complaint sustained, and exception taken. Judgment for the defendant.

The complaint, in substance, states the following facts: One *George Goss* died seized of a certain tract of land, described in the complaint. He devised the land to his widow, *Mary Goss*, for the term of her natural life, with power and direction to his executor to sell the land, after the decease of his widow, to the highest bidder among his children who should then be living. The widow leased the land to the defendant, *McGinnis*, for the term of her life. She died in 1858, and the defendant remained in possession of the premises, as tenant at sufferance, after her death. On *September* 11, 1858, the executor, in pursuance of the power contained in the will, sold the land to *Samuel Goss*, one of the children of the testator, and gave him a certificate of purchase therefor. *Samuel Goss* assigned the certificate to *Nancy Bellows*, one of the plaintiffs.

That afterward, the executor reported the sale, and his proceedings in the premises, to the Court of Common Pleas of *Clark* county, and such proceedings were thereupon had by the Court, that on *January* 3, 1859, the sale was in all things confirmed, and it was ordered that the executor should execute to said *Nancy*, as the assignee of *Samuel Goss*, a deed of conveyance for the premises, the receipt of the purchase money being acknowledged by the executor. On *March* 7, following, a deed was executed accordingly. That the defendant, *McGinnis*, being in the possession and occupancy as stated, on *January* 4, 1859, and on divers other days, between that day and the 10th day of *March* following, wrongfully and unjustly, and without the leave of said *Nancy*, turned a large number of hogs and cattle upon a field of clover and upon a meadow, a part of said premises, whereby the clover field and meadow were rooted up and injured; and that the defendant, at the times aforesaid, did also dig up, take away and destroy one hundred fruit trees, and twenty grape vines, of the value of one hundred dollars, before that time planted and growing upon said premises, the property of the said *Nancy*, by means whereof, &c.

We discover no defect in the title of *Nancy Bellows*, as

set out, and none has been pointed out to us, no brief having been filed for the appellee. The will, and other papers on which her title is based, are copied and made a part of the complaint. The suit was properly brought in the name of the husband and wife. 2 R. S. 1852, § 8, p. 28. See *Martindale* v. *Tibbetts*, 16 Ind. 200.

The main question involved seems to be, whether the action can be maintained by the plaintiffs for the alleged injury, committed after the confirmation of the sale, and before the deed was made, the defendant in the mean time being in the possession of the land.

The sale, we have seen, was confirmed on *January* 3, 1859, and a deed ordered to be made. The deed, however, was not executed until *March* 7, following. The injury complained of, is alleged to have been committed on the 4th day of *January*, and on other days, between that and *March* 10, 1859. There can be no doubt, that, upon the confirmation of the sale, *Nancy Bellows* became vested with an equitable estate in the land, although the legal title did not then pass to her. It may be doubted whether, under the statute authorizing and requiring suit to be brought by the real party in interest, this equitable estate would not have been sufficient, of itself, to warrant the suit; but we do not so decide, nor place the case upon that ground.

We think it clear, that when the deed was executed, it related back to the time the sale was confirmed and the deed ordered, so as to vest in *Nancy* the same rights as if the deed had been then executed and delivered. This view is fully sustained by the case of *Jackson* v. *McMichael*, 3 Cow. 75, and authorities there cited. See, also, upon this point, *Landes* v. *Brant*, 10 Howard, 348; *Smith* v. *Allen*, 1 Blackf. 22. The doctrine is, that "*where there are divers acts concurrent to make a conveyance, estate or other thing, the original act shall be preferred; and to this the other acts shall have relation.*" Here, three things were necessary to vest the estate in *Nancy Bellows*, viz., *first*, a sale by the executor; *second*, a confirmation of the sale by the proper Court, and an order for the making of a conveyance; and, *third*, the execution of such conveyance. 2 R. S. 1852, § 92,

p. 269, *et seq.* Perhaps the deed, when executed, would relate back to the time of the sale by the executor; but we need not decide this point, as the injury is alleged to have been committed at a time subsequent to the confirmation.

We regard *Nancy Bellows* as having, by relation, the legal title to the land, at the time of the alleged injury. Perhaps, she could not have maintained an action of trespass, the defendant himself being in possession, and trespass being regarded as an injury to the possession merely; but there can be no doubt that an action on the case, in the nature of waste, would lie against him by the owner of the fee. 2 Hilliard on Torts, § 30, p. 306. Such action may, undoubtedly, be brought against one in possession. We regard the injury charged as amounting to waste, for which an action will lie. All distinction, so far as form of action is concerned, between trespass and case being abolished, the only question is whether the complaint states facts sufficient to constitute a cause of action. We think it does, and, therefore, that the demurrer should have been overruled.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

*Thomas L. Smith* and *M. C. Kerr*, for the appellants.
*R. Crawford*, for the appellee.