## Shaffner, Administrator, *v.* Briggs and Another.

GUARDIAN'S SALE.—*Judgment.*—*Sale on Execution.*—Where, upon the petition of his guardian, the court, on the 15th day of February, 1868, ordered the sale of the land .of a minor, and A. recovered a judgment. against the minor on the 19th day of February, 1868, and purchased the land at sheriff's sale under said judgment on the 11th day of April following; and seventeen days later B. purchased the land from the guardian, paying one-half the purchase-money and securing the remainder in one year, and the court approved the sale at the May term, 1868;

*Held*, that the title to the property was in A.

*Held*, also, that the order for the sale of the land did not operate *in præsenti*, and convert the land into assets in the hands of the guardian so as to prevent the judgment from operating as a lien on the land; nor did the title of the purchaser at guardian's sale relate back to the order of sale, so as to prevent any intervening liens or rights being acquired.

LANDS OF INFANT.—*Execution.*—The lands of an infant may be sold on execution against him.

APPEAL from the Warren Circuit Court.

WORDEN, J.—This was an action by the appellant against

the appellees to recover possession of certain real estate in Warren county, and to quiet the plaintiff's title thereto.

The defendant, John Briggs, answered, first, by general denial; and secondly, in substance as follows: That Aaron Briggs, who had been the owner of the land, was a minor; that his guardian filed a petition in the court of common pleas of said county asking for an order for a sale of the land for the payment of the debts of said Aaron, and that such proceedings were had thereon as that on the 15th day of February, 1868, the said court ordered the sale of the land for that purpose; that afterward, on the 28th of April, 1868, the said John Briggs purchased the land of the guardian, in pursuance of the order of the court, for the sum of six hundred and ninety-two dollars and fifty cents, that being the appraised value thereof; that he paid down the one-half of the purchase-money, and gave his note, properly secured, for the residue, payable in a year with interest, and took from the guardian a certificate of purchase; that at the May term, 1868, of the said court of common pleas, the guardian reported the sale to the court, and it was by the court confirmed; that upon the note falling due, he paid the same to said guardian, who reported the payment to said court, and the court, at its May term, 1869, ordered the guardian to execute to said John a deed for the premises, which was done, but the deed, through the forgetfulness and omission of the attorney of the guardian, was not presented to the court for its approval and confirmation; that by virtue of his said purchase, the said John took possession of the premises and has since occupied them; that the only title of the plaintiff to the land is by virtue of a purchase thereof at a sheriff's sale on the 11th of April, 1868, upon an execution issued upon a judgment recovered in the same court on the 19th of February, 1868, in favor of the plaintiff and against the said Aaron Briggs and two other persons named, which land was levied on and sold as the property of said Aaron Briggs; that the plaintiff well knew, before he bought said land at sheriff's sale, that said court had, prior to the recov-

ery of the judgment, ordered the sale of said land by said guardian for the purpose aforesaid; wherefore, etc.

To this paragraph the plaintiff filed a demurrer, assigning for cause a want of sufficient facts, etc., which was overruled, and the plaintiff excepted, and declining to reply, final judgment was rendered for the defendants.

The only question presented by the record is whether the ruling upon the demurrer was correct. No point is made on the want of an approval by the court of the guardian's deed, and we shall consider the case as if that deed had been duly approved by the court.

It will be seen by the answer that the court ordered the sale of the land by the guardian on the 15th of February, 1868; that the plaintiff's judgment was recovered four days thereafter, viz., on the 19th of the same month; that on the 11th of April, 1868, the plaintiff purchased the land on his execution; that seventeen days thereafter, viz., the 28th of April, 1868, the defendant, John Briggs, made his purchase from the guardian, and the purchase was approved at the May term of the court, 1868. On these facts we think it quite clear, and therefore decide, that the title to the property is in the plaintiff.

By his judgment, the plaintiff acquired a lien on the land on the 19th of February, 1868. At that time there had been an order for the sale of the land by the guardian, but that order did not prevent the plaintiff's lien from attaching. The statute provides, that " all lands of the judgment-debtor, whether in possession, reversion, or remainder," shall be liable to be sold on execution; and that all final judgments of the supreme and circuit courts, and courts of common pleas, for the recovery of money or costs, shall be a lien, for the period of ten years, upon real estate liable to execution in the county where the judgment is rendered. 2 G. & H. 263, 264, secs. 526, 527. This statute is very broad. It subjects "all lands" of the judgment-debtor, without exception, to sale on execution, and makes the judgment a lien

on real estate in the county; that is, all the real estate "liable to execution."

At the time of the recovery of the judgment, the land was as much the property of the judgment-debtor as it ever was, although there had been an order for the sale thereof by his guardian. It is contended by counsel for the appellees that upon the order being made for the sale of the land by the guardian, "the order operated *in præsenti,* and in contemplation of law the lands were reduced to and converted into assets in the hands of the guardian so as to prevent the judgment from operating as a lien thereon." This position, in our opinion, is not well taken.

In the case of *Erb* v. *Erb,* 9 Watts & Serg. 147, it was held that "upon a sale of real estate of an intestate by order of the orphans' court, for the payment of debts, the title remains in the heir until the contract of sale be executed by the payment of the purchase-money and the execution of the deed; hence, upon the death of the heir subsequently to the confirmation of the sale by the court, and prior to the execution and delivery of the deed, his interest will descend as land, and not as money."

The same doctrine is maintained in the case of *Biggert's Estate,* 20 Penn. St. 17, where LEWIS, J., in delivering the opinion of the court, says: "A conversion of real into personal estate, by act of the law, differs from a conversion by act of the party. In the latter case, where the conversion is the object of the owner, the result is produced as soon as the contract of sale is made. In the former, where payment of debts or partition, and not conversion, is the object, the transmutation is but the unavoidable result of the proceedings, and takes place only when the estate is completely vested in the vendee and the purchase-money paid or secured."

Again, it is claimed by the appellee, that the title of a purchaser at guardian's sale relates back to the order of sale so as to prevent any intervening liens or rights being acquired. We cannot give our assent to this proposition. No

case has been cited, and we are not aware of any, in which it has been held that a deed for land, whether purchased from the owner or under judicial proceedings, relates back to a time anterior to the contract of purchase, where no lien had been acquired on the property.

In *Bellows* v. *McGinnis*, 17 Ind. 64, it was held that the title of a purchaser at an executor's sale related back to the confirmation of the sale, and it was said that "perhaps the deed, when executed, would relate back to the time of the sale by the executor;" but this point, not being involved in the case, was not decided.

The case of *Jackson* v. *Davenport*, 20 Johns. 537, cited by counsel for appellees, holds that "the doctrine that a deed executing a power, generally speaking, relates back to the instrument creating the power, so as to take effect from the original deed, is a fiction of law for the advancement of right, and is not to be applied to the injury of a stranger by defeating his lawful intervening rights."

The plaintiff in this case had not only acquired a lien on the land by his judgment, but he had purchased it at sheriff's sale before the defendant, John Briggs, made his purchase from the guardian; and there can be no doubt of the validity of the plaintiff's title, unless the previous order of the court for the sale of the land in some way prevented the lien of the judgment from attaching, or the land from being sold on execution. We think the order had no such effect.

Again, it is urged, that the land of an infant cannot be sold on execution against him, but that his guardian must proceed to convert it into money to pay the judgment. We are of a different opinion. On the facts shown in the answer, the title to the land is in the plaintiff, and the demurrer to the answer should have been sustained.

The judgment below is reversed, with costs.

*J. A. Stein* and *L. T. Miller*, for appellant.

*J. H. Brown*, for appellees.