### Dowling v. Crapo, by her Next Friend.

SEDUCTION.—*Complaint.—Statute Construed.*—The complaint in an action under sec. 24, 2 R. S. 1876, p. 43, for seduction, should affirmatively allege, that, at the time of the seduction charged, the plaintiff was an unmarried female."

SAME.—*Subsequent Marriage.*—The marriage of the plaintiff, subsequent to her seduction, to a person other than the defendant, is no bar to the action.

SAME.—*Arrest of Judgment.*—Where, though not affirmatively alleged in the complaint, the reasonable inference from the facts therein alleged is, that the plaintiff, at the time of the seduction charged, was "unmarried," the complaint is sufficient, after verdict for the plaintiff, on motion in arrest.

From the Clay Circuit Court.

*I. N. Pierce, A. J. Kelley, G. A. Knight* and *C. H. Knight,* for appellant.

WORDEN, C. J.—Complaint by the appellee, against the appellant, as follows :

" The plaintiff, Martha Crapo, a minor, by her next friend, Silas Crapo, complains of the defendant, and says, that, on the —— day of ———, 1877, the defendant had carnal intercourse with the plaintiff, who was, previous to and until said seduction complained of, virtuous and chaste in character, and had never had sexual intercourse with any man ; that, as a means of accomplishing said seduction, the defendant had regularly waited upon the plaintiff as a

suitor—had treated her in a kind and affectionate manner. Defendant also falsely, fraudulently and corruptly represented that he desired the plaintiff's hand in marriage, and frequently told the plaintiff that he intended to marry the plaintiff, thereby securing her esteem, confidence and affection, only to betray her confidence and accomplish her ruin by getting her pregnant with a bastard child, when in fact the defendant was not of full age, but was a minor, and said representations were made solely for the purpose of deceiving the plaintiff; and, as soon as defendant ascertained that plaintiff was pregnant with child by him, he cruelly deserted her, and refused to comply with his said contract of marriage, though often requested by the plaintiff so to do.

"And the plaintiff avers, that, at the time of the seduction complained of, plaintiff and her family were in high social standing and respectability; that plaintiff had also many agreeable, respectable associates; that, on account of said seduction, plaintiff's fair name was destroyed, and her family's good name greatly injured, her said associates have forsaken her, and [she] has suffered great agony of body and mind; and the plaintiff says she has been damaged," etc.

The defendant answered by general denial, and the cause was tried by a jury, who returned a verdict for the plaintiff.

The defendant interposed a motion in arrest of judgment, which was overruled, exception taken, and judgment entered for the plaintiff on the verdict.

The only error assigned is upon the overruling of the motion in arrest.

The objection urged to the complaint is, that it does not aver that the plaintiff was an unmarried female.

We are not favored with any brief for the appellee, and are not advised of the ground upon which the point was decided below.

The statute on the subject provides, that " Any unmarried female may prosecute as plaintiff an action for her own seduction, and may recover therein such damages as may be assessed in her favor." 2 R. S. 1876, p. 43, sec. 24.

The right to maintain an action by a female for her own seduction is, doubtless, of statutory origin, not given by the common law. Hence the complaint should show that she was unmarried, the statute not otherwise conferring the right of action upon her. *Thompson* v. *Young*, 51 Ind. 599 ; *Galvin* v. *Crouch, ante,* p. 56.

But the question arises, when must she have been unmarried ?

According to the literal terms of the statute, she must be unmarried at the time she prosecutes the action.

But this literal construction would fail to carry out the evident intent and purpose of the Legislature. The purpose of the statute was to give the female seduced, she being then unmarried, a right of action on her own behalf for the seduction, instead of leaving the right of action solely in her parent or other person entitled thereto, to recover damages for the loss of service. And we think the qualification of her being " unmarried " relates solely to the time of the seduction, and not to the time of the prosecution of the action. We can conceive of no good reason why an action for the seduction of an unmarried female should be barred by her subsequent marriage. Such subsequent marriage does not remove the stigma, or compensate the injury caused by the seduction, nor is there any principle of public policy which requires that a subsequent marriage should bar the action. Public policy encourages, rather than discourages, marriage. Of course, we intimate no opinion as to the effect of a subsequent marriage to the seducer.

That the term " unmarried " relates to the time of the seduction, see the case of *Grover* v. *Dill,* 3 Iowa, 337.

Dowling *v.* Crapo, by her Next Friend.

We are of opinion, therefore, that, where a female has a right of action for seduction while she is unmarried, she may prosecute the action thercfor after as well as before she is married.

Whether or not her husband must be joined in such action, is a question not involved in this case.

The complaint, in this case, does not allege that the plaintiff was unmarried at the time of the commencement of the action, nor was it necessary, for the reasons above stated, that it should. The question then arises, whether it is sufficiently shown that she was unmarried at the time of the seduction. We think, it is sufficiently shown after verdict.

It is not alleged, in terms, that she was then unmarried, but it is clearly implied from what is alleged. We can not suppose that the defendant would have "regularly waited upon the plaintiff as a suitor," unless she had been unmarried, nor that he "represented that he desired the plaintiff's hand in marriage," nor that "he frequently told the plaintiff that he intended to marry her," if she had not been unmarried. The defendant thus unequivocally recognized the plaintiff as an unmarried female, and he can not, after verdict affirming the allegations thus made against him, be heard to say that it does not appear that she was unmarried.

We do not determine whether the complaint would have been good on demurrer, but we have no doubt that it was good after verdict, on motion in arrest of judgment. A complaint will be construed more liberally in favor of the plaintiff after verdict, than on demurrer for want of sufficient facts.

The court below did not err in overruling the motion in arrest.

The judgment below is affirmed, with costs.