## COFFIN v. EISIMINGER.

1. **Appeal:** WHEN IT LIES: ORDER IN PROBATE. An order in probate directing a guardian to pay over the amount of a judgment rendered against him as garnishee in a suit against his ward, is a final order involving a substantial right, from which he may maintain an appeal to this court. (Code, sec. 3164).

2. **Procedure:** TO COLLECT JUDGMENT AGAINST GUARDIAN: ORDER IN PROBATE. Plaintiff, in a suit by attachment against defendant's ward, had procured judgment in the district court against defendant, in his capacity as guardian, as garnishee. Afterwards, defendant having failed to pay the judgment, plaintiff in the same court, acting as a court of probate, procured an order commanding defendant as guardian to pay the judgment. *Held* that this was a proper method of collecting the judgment.

Coffin v. Eisiminger.

3. ——— : ——— : ——— : LIMITATION OF TIME : CODE, SECTION 2521. It is no objection to such procedure that the application to the court of probate was made in less than fifteen years after the rendition of the judgment, for such application was not an action upon the judgment within the meaning of section 2521 of the Code, prohibiting actions on judgments of courts of record within fifteen years after their rendition.

*Appeal from Mahaska District Court*—HON. J. K. JOHNSON, Judge.

FILED, SEPTEMBER 6, 1888.

PLAINTIFF brought an action against the ward of defendant, aided by attachment. The original notice was served by publication, the defendant was garnished, and judgment was rendered for the sum of $107.55 and costs against the attached property. At the same time judgment was rendered in favor of plaintiff and against the garnishee for the same amount, the ward having been duly served with notice of the garnishment proceedings. The plaintiff afterwards filed an application in probate for an order requiring defendant to pay the amount of the judgment rendered against him as aforesaid. The application was heard by the court, and an order made as prayed. From this order the defendant appeals.

*Searle & Scott* and *Liston McMillen*, for appellant.

*Robt. Kissick*, for appellee.

ROBINSON, J.—I. The appellee has filed a motion to dismiss the appeal for the following reasons : ( 1 ) Because no appeal lies from the order made in this cause ; ( 2 ) because, the facts being conceded, the order made does not affect any substantial right of the appellant; ( 3 ) because the rights of appellant are in no way affected by said order.'' This is a proceeding to enforce the payment of a sum of money which has been adjudged to be due in an action brought for that purpose. The order was a final one, and required appellant to pay over

a given sum of money within a time fixed in the order.
We think this involved a substantial right, from which
an appeal may be taken. Code, sec. 3164. The motion
to dismiss is therefore overruled.

II. Appellant insists that there is no authority in
the law for this proceeding ; that it can afford no relief
which the judgment against him had not already given ;
that it imposes an unnecessary burden upon the ward ;
and that no authority to institute it is shown. The dis-
trict court now has original and exclusive jurisdiction of
the persons and estates of those who require guardian-
ship. Code, sec. 2312 ; Laws 1886, sec. 8, ch. 134. Guardians
of the property of their wards manage their interests
under the direction of the court. Code, secs. 2250, 2274.
All money should be paid out under the direction of the
court. *Bates v. Dunham*, 58 Iowa, 310. It may be
said that the court had already ordered the payment of
this money in the garnishment proceedings by the ren-
dition of a judgment therein ; hence that the order made in
this proceeding is a useless form. It is true that the
same court rendered the judgment and made the order,
but in one case it was acting as a court of general civil
jurisdiction, while in the other it was acting as a probate
court. In the first case the probate jurisdiction was
neither invoked nor exercised. It was necessary for the
probate court at some time to act upon the matter of
using money to pay the judgment. Whether this could
have been anything more than a matter of form, in view
of the fact that judgment had already been rendered, we
need not determine. It was the duty of the guardian
to pay the judgment under the direction of the probate
court. He failed to pay the judgment, and neglected to
ask the instruction of the probate court in regard to it.
Under these facts it was proper for plaintiff to obtain an
order to compel the guardian to perform his duty. It
may be that this was not necessary, and that ample
relief might have been obtained by other means ; but we
regard it as one of the methods authorized by law for the
collection of the judgment ; and the record fails to dis-
close any fact which makes it improper in this case.

III. The judgment against the guardian was rendered
on the sixth day of June, 1887. It is insisted by appel-
lant that this proceeding cannot be maintained for the
reason that section 2521 of the Code forbids the bringing
of an action upon a judgment rendered by a court of
record within this state within fifteen years after the ren-
dition thereof, without leave of the court, and that such
leave is not shown in this case. This is not an action
within the meaning of that section, but is in the nature
of a special proceeding auxiliary to the judgment. We
discover no error in the record.

AFFIRMED.