EDITH HALLOCK v. MICHAEL KINNEY.

*Seduction—Evidence.*

91    57
115   333
91     57
144   2536

1. Plaintiff, a girl about 16 years of age, living with her parents in the country, and hitherto chaste, was invited by defendant to attend a dance with him in a village six miles from her home. They had known each other for about a year, and she testified that she thought a great deal of him. They left home about 4 o'clock in the afternoon, and, on arriving at the hotel, he obtained a bedroom, to which he took plaintiff for the express purpose of debauching her, and as soon as she had removed her wraps in the room he immediately commenced his indecent proposals. Late in the night he proposed to go from the ball-room to the bedroom, and after a while she yielded to his solicitations. And it is held, in an action for seduction, that the case should have been submitted to the jury under the proper instructions, especially in view of plaintiff's tender age.

2. The following language used by the Court in *Stoudt v. Shepherd,* 73 Mich. 596, is held applicable to the facts in this case, namely: "This Court recognize, what we conceive to be the recognized doctrine of experience, that seduction may be accomplished by means of influence and persuasion intended to reach, and actually reaching, the result, which do not necessarily involve either a promise of marriage or pecuniary advantage; and that such effectual persuasion, which is the active cause of it, may be as distinct a grievance as the more venal representations, which appeal to covetousness more than to excited feelings."

Error to Newaygo. (Palmer, J.) Submitted on briefs March 11, 1892. Decided March 18, 1892.

Case. Plaintiff brings error. Reversed. The facts are stated in the opinion.

*Ellsworth & Rarden* and *W. D. Fuller*, for appellant, contended for the doctrine of the opinion, citing the case there cited.

*George Luton* (*Michael Brown*, of counsel), for defendant, contended:

1. Illicit intercourse alone is not seduction; citing *People v. Clark*, 33 Mich. 116; *Baird v. Boehner*, 72 Iowa, 318; *Breon v. Henkle*, 14 Oreg. 494; *State v. Bierce*, 27 Conn. 319; *State v. Haven*, 43 Iowa, 181.
2. The cases of *Stoudt v. Shepherd*, 73 Mich. 588, and *People v. Gibbs*, 70 Id. 425, are in no way against the theory of the defendant. Before the plaintiff was entitled to have her case submitted to the jury at all, she should have shown, in addition to the carnal intercourse, that, relying upon some sufficient promise or inducement, and without which she would not have yielded, she was drawn aside from the path of virtue, which she was honestly pursuing.

GRANT, J. This is an action on the case for seduction.

Plaintiff at the time was about sixteen years of age, living with her parents in the country, and had hitherto been chaste. Defendant invited her to attend a dance with him in a village six miles from her home. They had known each other for about a year, and she testified that she thought a great deal of him. They left her home about 4 o'clock in the afternoon, and, on arriving at the hotel, he obtained a bedroom, to which he took her. It is evident from her testimony that he took her there for the express purpose of debauching her. As soon as she had taken off her wraps in the room, he immediately commenced his indecent proposals. Late in

the night he proposed to her to go from the ball-room to the bedroom, and after awhile she yielded to his solicitations.

It is unnecessary to state the evidence in detail. The court was in error in directing a verdict for the defendant. The case should have been submitted to the jury under the proper instructions, and especially in view of plaintiff's tender age.

The language of this Court in *Stoudt v. Shepherd,* 73 Mich. 596, is applicable to the facts in this case:

" This Court recognize, what we conceive to be the recognized doctrine of experience, that seduction may be accomplished by means of influence and persuasion intended to reach, and actually reaching, the result, which do not necessarily involve either a promise of marriage or pecuniary advantage; and that such effectual persuasion, which is the active cause of it, may be as distinct a grievance as the more venal representations, which, appeal to covetousness more than to excited feeling."

The judgment reversed, and a new trial ordered.

The other Justices concurred.