ELIZA HAWK, Appellant, v. FRANK L. HARRIS.

**Minors:**   CONTRACT TO MARRY:   *Inducement to sexual intercourse.*
3   A promise by a minor to marry might form an inducement
to sexual intercourse, though both parties knew it could not
be enforced.

ATTACHMENT OF PROPERTY BEFORE APPOINTMENT OF GUARDIAN:
   *Transfer to probate court.*  After a minor's property has been
1   legally seized under an attachment in an action against him,
the appointment and qualification of a guardian thereafter
2   would not transfer to the probate court jurisdiction of pro-
ceedings to enforce the judgment obtained against him, and
remove the property in custody of the law court by virtue of
the attachment to the control of the former, and prevent exe-
cution against it.

*Appeal from Cass District Court.*—HON. W. R. GREEN,
Judge.

SATURDAY, DECEMBER 22, 1900.

PLAINTIFF's petition is in two counts; the first claim-
ing damages for the breach of an oral contract of marriage,
and the second to recover damages for seduction. Plaintiff al-
leged that she was a resident of Audubon county, and the
defendant, "a minor between the ages of nineteen and twenty
years," was a resident of Cass county, "until he absconded
a short time since." For cause of attachment against his
property, she alleged that the defendant had property in
Cass county subject to attachment, and that he had ab-
sconded. She asked for the appointment of a guardian *ad
litem,* for an attachment against the defendant's
property and for judgment. An order for an attach-
ment was made and an attachment issued and levied
upon lands in Cass county belonging to the defend-
ant. The defendant answered, denying generally; and
during the early progress of the trial, on application
of the plaintiff, suggesting the minority of the defend-

ant, John Hudspeth, Esq., was appointed guardian *ad litem*, and answered, in substance, as follows: He adopted the answer of the defendant, and, as to the first count, claimed that defendant, being a minor, was incapable of entering into any binding contract of marriage. For answer to both counts he claimed that because of the minority of the defendant the action should be abated. On the trial the court withdrew from consideration the first count, and submitted the case on the issues joined on the second. Verdict was rendered in favor of the plaintiff for $2,650. Judgment was rendered overruling the defendant's motion for a new trial, sustaining his motion to dissolve the attachment and in favor of the plaintiff for $2,650 and costs— "execution not to issue therefor, for the reason that the defendant is a minor, but such judgment shall be enforced through the probate court." Plaintiff appeals from that portion of the judgment which discharges and releases the attached property and denies the right to issue execution on said judgment, and which requires the plaintiff to obtain satisfaction of the judgment through the probate court. The defendant also appeals, assigning as error the refusal of the court to give an instruction asked. While the jury was deliberating on this case a guardian was duly appointed for the defendant and his property.—*Reversed* on plaintiff's appeal, and *affirmed* on defendant's appeal.

*H. F. Andrews* and *De Lano & Meredith* for plaintiff.

*John Hudspeth* for defendant.

GIVEN, J.—No question is made on this appeal as to plaintiff's right to bring and prosecute this action as she did, nor as to her right to have and to levy the attachment as was done. Defendant insists that, a guardian having been appointed and qualified to take charge of the defendant's property, this judgment can only be enforced through the probate court. Plaintiff contends that

her action being properly brought and prosecuted, and the attachment rightfully issued and levied before a guardian was appointed, and when the property was not in the custody of the probate court, it came into the custody of the law court by virtue of the attachment and levy, and, being thus in its custody, it has full control over it for the satisfaction of the judgment, and any right of the probate court through its guardian to control the same is subordinate to the custody of the law court, and that for these reasons the plaintiff is entitled to the benefits of her attachment and to execution. This case must not be confounded with those wherein the property was in *custodia legis* at the time the attachment on execution was issued. When the property was attached it was not in *custodia legis,* but became so by the levy of the attachment. No question is made but that the plaintiff would have been entitled to execution for the sale of the attached property were it not for the appointment of the guardian. Any control that the probate court acquired over this property through its guardian was certainly subject to the existing conditions, and we have seen that one of the conditions was that the property was in custody of the law court, with full power to apply it to the satisfaction of its judgment. Defendant argues that if his estate were insolvent, and this property allowed to be sold on execution, there could not be a *pro rata* distribution to creditors, as provided in section 3227 of the Code, and that the plaintiff in such case would have an advantage over other creditors. There is neither allegation nor proof that his estate is insolvent, but if there were, and plaintiff has gained a priority over other creditors by virtue of her attachment, the other creditors would not be entitled to a *pro rata* distribution. The defendant cites no authority, nor do we find any, in support of his contention that because of the appointment of the guardian the plaintiff must look to the probate court for the enforcement of her judgment. It is said that the learned district judge based his conclusions upon *Coffin v.*

*Eisiminger,* 75 Iowa, 30; *Shaffner v. Briggs,* 36 Ind. 55 (10 Am. Rep. 1); *Allen v. Von Rosenberg,* Tex. Sup. (16 S. W. Rep. 1096). As we view those cases they do not support the conclusion. In *Allen v. Von Rosenberg* the will provided that the executrix should act independently of the probate court, and this she attempted to do in disposing of real estate; and it was held that the minor, having title to the land, was not thereby estopped from disputing the validity of a decree affirming the action of the executrix. In *Shaffner v. Briggs* the court on the fifteenth day of February, 1868, upon the petition of the guardian, ordered the sale of the lands of the minor. After this order, and before sale, judgment was rendered against the minor, and the land was sold at sheriff's sale under the judgment. Seventeen days later Briggs purchased the land from the guardian. It was held that the title to the property was in the purchaser at the execution sale; that the order for the sale of the land did not operate *in praesenti,* and convert the land into assets in the hands of the guardian, so as to prevent the judgment from operating as a lien on the land, and that the title of the purchaser at guardian's sale did not relate back to the order of sale, so as to prevent any intervening levies or rights being acquired; and that the lands of the infant may be sold on execution against him. In *Coffin v. Eisiminger* the guardianship existed at the time the action was brought and attachment issued, wherefore whatever belonged to the estate was in custody of the probate court. The guardian was garnished under the attachment, and it was under these circumstances that we held that it was proper for the judgment creditor to apply to the probate court for an order commanding the guardian to pay the judgment. We said: "It was the duty of the guardian to pay the judgment under the direction of the probate court. He failed to pay the judgment, and neglected to ask the instruction of the probate court in regard to it. Under these facts it was proper for the plaintiff to

obtain an order to compel the guardian to perform his duty. It may be that this was not necessary, and that ample relief might have been obtained by other means; but we regard it as one of the methods authorized by law for the collection of the judgment, and the record fails to disclose any fact which makes it improper in this case." A marked distinction between that case and this is that the matter sought to be subjected to the payment of the judgment was in the custody of the probate court under the existing guardianship. We are of the opinion that the court erred in dissolving the attachment and releasing the attached property, and in ordering that execution should not issue on the judgment, and that the judgment should be enforced through the probate court.

II. The question presented on defendant's appeal is this: He asked an instruction as follows, which was refused: "If you find that at the time plaintiff claims that defendant promised to marry her he was a minor, and she knew that fact at the time, she could not, in law, claim that such promise, if any, induced her to have sexual intercourse with defendant, if such an act or acts occurred, because a minor is, in law, incapable of entering into any binding marriage contract. (To the refusal to give which, defendant, at the time, excepted.)" The first count of the petition, claiming damages for a breach of marriage contract, was withdrawn from the consideration of the jury for the reason that because of defendant's minority he was incapable of making such a contract, so as to be bound thereby, and therefore the defendant contends that evidence of the promise of marriage was not competent as showing an inducement to sexual intercourse. Surely such a promise might form an inducement, even though both parties knew that it could not be enforced. There was no error in refusing the instruction. Our conclusion is that the judgment of the district court must be REVERSED on plaintiff's appeal, and AFFIRMED on defendant's appeal.