GREENMAN *v.* O'RILEY.

1. SEDUCTION—DECLARATION—SUFFICIENCY—AVERMENT OF PLAIN-TIFF'S CHASTITY.

In an action by a woman for her own seduction, an averment in the declaration that defendant seduced her sufficiently alleges her chastity.

2. SAME—EVIDENCE—PROMISES—SUFFICIENCY.

In an action by a woman for her own seduction, evidence examined, and *held*, sufficient to warrant the jury in finding that defendant made such promises, deceits, artifices, or influence as would overcome the scruples of a chaste woman, though no promise to marry is shown.

3. SAME — PLEADING — UNCHASTITY OF PLAINTIFF — AFFIRMATIVE DEFENSE.

Though the presumption of plaintiff's chastity relieves her from offering evidence to prove it until it is attacked, it is still a part of plaintiff's case and defendant is not required by Circuit Court Rule 7b to give notice of intention to show her unchastity in his defense.

4. SAME—CAUSE OF ACTION—CHASTITY OF PLAINTIFF.

Section 10418, 3 Comp. Laws, gives a woman a right of action for her own seduction only in case she was chaste at the time of her seduction, though chastity once lost may be regained by repentance and reformation.

5. SAME—EVIDENCE—HEARSAY.

Testimony by plaintiff that she had been told by third persons that defendant had made certain remarks about her condition and denied responsibility therefor is properly rejected as hearsay.

6. SAME—DEFINITION.

Seduction is the act of persuading or inducing a woman of previous chaste character to depart from the path of virtue by the use of any species of arts, persuasions, or wiles which are calculated to have, and do have, that effect, and resulting in her ultimately submitting her person to the sexual embraces of the person accused.

7. APPEAL AND ERROR—BRIEFS—ARGUMENT—NECESSITY.

Complaints in the appellant's brief which contain no argument will not be noticed.

Error to Calhoun; Hopkins, J.   Submitted April 11, 1906.   (Docket No. 50.)   Decided July 3, 1906.

Case by Grace Greenman, by next friend, against Miles O'Riley for seduction.   There was judgment for plaintiff, and defendant brings error.   Reversed.

*F. A. Kulp* and *Stewart & Jacobs* for appellant.

*Walter S. Powers,* for appellee.

CARPENTER, C. J.   Plaintiff brought this suit to obtain damages for seduction.   She secured a verdict and judgment in the lower court.   Defendant seeks a reversal of that judgment upon several grounds.

1. He contends that the court erred in denying his motion, made at the conclusion of plaintiff's case, to strike out all the testimony upon the ground that the declaration did not aver the plaintiff's chastity.   The declaration did aver that defendant seduced the plaintiff.   This, as will hereafter appear in this opinion, was an averment that she was thereby drawn from the path of virtue.   The declaration then did in effect aver chastity and sufficiently averred it.   The trial court did not therefore err in overruling this motion.

2. Defendant contends that the trial court erred in overruling his motion to strike out plaintiff's testimony on the ground that she failed to show such " promises, deceits, artifices, or influence that would overcome the scruples of a chaste woman."   Plaintiff, who was a girl only 17 years of age, testified:

" He told me   *   *   *   he liked me the best of any girl he ever knew.   He told me he was worth between $20,000 and $30,000.   He did not say it right out—say that he would marry me, or anything like that.   He always said I never would be sorry, and would never regret it, and he said I always could live with him and be happy. That is the way he worded it."

This testimony was sufficient to warrant the jury in deciding that defendant made such promises, deceits, arti-

fices, or influence as would overcome the scruples of a chaste woman. See *Hallock* v. *Kinney*, 91 Mich. 57.

3. The trial court prevented defendant from proving by the cross-examination of plaintiff, and by the introduction of other testimony, that plaintiff lacked chastity at the time of the alleged seduction, upon the ground that with his plea he had given no notice of his intention to offer such testimony. This testimony was admissible under the plea of the general issue, unless made inadmissible thereunder by subdivision *b* of Circuit Court Rule 7. That subdivision reads:

"An affirmative defense, such as payment, release, satisfaction, discharge, license, fraud or failure of consideration in whole or in part, and any defense which by other affirmative matter seeks to avoid the legal effect of or defeat the cause of action set forth in plaintiff's declaration, must be plainly set forth in a notice added to the defendant's plea."

Plaintiff's lack of chastity is not an affirmative defense, under the foregoing rule, unless it was "affirmative matter [which] seeks to avoid the legal effect of or defeat the cause of action set forth in plaintiff's declaration."

It is contended by plaintiff that testimony tending to prove plaintiff's lack of chastity was "affirmative matter," under the language above quoted, because the presumption of chastity made it the duty of defendant to introduce such testimony. It is true there is a presumption of plaintiff's chastity. *People* v. *Brewer*, 27 Mich. 134. This presumption transferred from plaintiff to defendant the duty of first introducing testimony touching the issue of chastity, but it by no means follows that in introducing that testimony the latter was making an affirmative defense, within the meaning of Circuit Court Rule 7. If it is true that plaintiff's declaration avers by implication that she was chaste at the time of the alleged seduction, and that she cannot recover if she was not—and I shall hereafter endeavor to prove that this is true—her suit necessarily puts her chastity in issue. The presumption of chastity

under consideration merely takes the place of evidence of chastity. It does not remove the issue of chastity from the case. Defendant, when offering testimony to disprove chastity, is merely denying an essential fact asserted by plaintiff, and is not making an affirmative defense. Though the presumption of chastity compels the defendant, instead of the plaintiff, to first introduce testimony on the issue of chastity, the latter, when introducing it, is not bringing into the case "affirmative matter to avoid the legal effect of or defeat the cause of action set forth in plaintiff's declaration," within the meaning of Circuit Court Rule 7. He is merely offering testimony which tends to prove that plaintiff did not have, and never had, "the cause of action set forth in her declaration."

The foregoing contention that, in introducing testimony tending to prove that plaintiff lacked chastity at the time of the alleged seduction, defendant is not making an affirmative defense, rests upon the assumption that plaintiff had no cause of action, unless she was chaste at the time of the alleged seduction. It is therefore essential that I prove that this assumption is well founded. At common law the seduction of a female gave her no right of action. Her right of action is statutory. It is given in this State by section 10418, 3 Comp. Laws, which reads:

"It shall not be necessary in any action on the case for seduction hereafter to be brought, to allege in the declaration, or to prove on the trial, any loss of service in consequence of such seduction; but if the female seduced be a minor at the time of the seduction, the action may be brought by her father, mother, or guardian; and if such female be of full age, the action may be brought by her father, or any other relative who shall be authorized by her to bring the same."

We have held that this statute gives to the woman seduced a right of action which she may enforce in her own name. *Watson* v. *Watson*, 49 Mich. 540; *Ryan* v. *Fralick*, 50 Mich. 483. This right of action is described

in the statute as an "action on the case for seduction."
The question arises What is meant by seduction for which
the female has a right of action? This court has been
called upon several times to define seduction in enforcing
section 11694, 3 Comp. Laws, which makes it a crime
"to seduce and debauch any unmarried woman," and we
have uniformly held that the offense was not committed
unless the woman seduced was chaste at the time of her
seduction (see *People* v. *Clark*, 33 Mich. 116; *People* v.
*De Fore*, 64 Mich. 699; *People* v. *Gibbs*, 70 Mich. 430;
*People* v. *Smith*, 132 Mich. 58), saying at the same time
that, "although the female may have previously left the
path of virtue, * * * yet, if she has repented of that
act and reformed, she may again be seduced." *People*
v. *Clark*, supra. On the other hand, in a suit brought
by a parent for the seduction of his child, this court said
that the child's lack of chasity "would have weight in
mitigation of damages, but would not be a complete an-
swer to the action." *Stoudt* v. *Shepherd*, 73 Mich. 589. It
should be borne in mind, however, that in this latter case
we were not called upon to define seduction. When a
parent brings suit to recover compensation from one who
has debauched his child, proof of seduction is not essential
to the right of recovery. In those cases the plaintiff is en-
titled to recover if the illicit intercourse has resulted in
legal injury. See *Akerley* v. *Haines*, 2 Caines (N. Y.),
292; *McAulay* v. *Birkhead*, 35 N. C. 28; Bigelow on
Torts (4th Ed.), p. 167.

Can we say that the word "seduction" has two dis-
tinct legal definitions in this State? Can we say it has
one meaning when a woman brings suit for damages un-
der the statute last above quoted, and another and differ-
ent meaning when her seducer is prosecuted under the
criminal statute? To answer this question in the affirma-
tive would, in my judgment, be illogical and productive
of unnecessary confusion. Seduction as a statutory cause
of action is to be defined precisely as it has been defined in
construing the criminal statute. Plaintiff was not seduced,

therefore, if she was not chaste—remembering (see *People* v. *Clark*, supra) that her chastity, though once lost, may be regained by repentance and reformation—at the time of her seduction. The trial court, as will hereafter appear, defined seduction in accordance with these views, but he erred in excluding the testimony under consideration which tended to prove that plaintiff was not chaste at the time of her seduction.

4. Plaintiff testified that she had been told by third persons that defendant stated in his store "that I was a mother. He said that he could prove that he was not the cause though." This testimony was admitted against the objection of defendant that the same was incompetent, irrelevant, and immaterial and hearsay. It was clearly hearsay, and should not have been admitted.

5. The trial court defined seduction to be:

"The act of persuading or inducing a woman of previous chaste character to depart from the path of virtue by the use of any species of arts, persuasions, or wiles, which are calculated to have, and do have, that effect, and resulting in her ultimately submitting her person to the sexual embraces of the person accused."

Defendant complains of this definition. It was correct. See *People* v. *Gibbs*, 70 Mich. 425; *People* v. *Smith*, 132 Mich. 58.

Other complaints are made in defendant's brief. Some of these complaints are answered by elementary principles of law, and they need no discussion. Some of these complaints relate to discretionary rulings of the trial judge, and there was no abuse of that discretion. Some of these complaints are based upon no exception, and they relate to rulings which we cannot review without exceptions. In support of other complaints the brief contains no argument. We illustrate these last complaints by quoting from defendant's brief:

"Exceptions 52 to 61, inclusive, relate to the refusal of the court to give defendant's request to charge, and we call the court's attention to such requests. Record, pp.

108-112. Exception 63 relates to such portions of the court's charge as are found in defendant's bill of exceptions. Record, pp. 138, 139."

We assume that it was not expected that we should consider such complaints.

For the errors pointed out, the judgment is reversed, and a new trial granted.

McALVAY, GRANT, BLAIR, and MOORE, JJ., concurred.