McALPIN, Respondent, v. GREMMELS, Appellant.

(184 N. W. 4.)

(File No. 4836.   Opinion filed August 15, 1921.)

1.  **Seduction—Suit for Damages for by a Single Woman, Whether Damages Recoverable—Case Re Married Woman Distinguished —Statute.**

    A virtuous woman, married or unmarried, may be seduced by a man single or married, but under Sec. 2977, Code 1919, providing that in all cases of seduction, * * * an unmarried woman may maintain an action against a· seducer for all actual damages sustained, etc., only an unmarried woman may recover damages for her own seduction.

2.  **Same—Married Man Known as Such by Woman, Whether Guilty of Seduction.**

    A married man may be guilty of seduction though the woman knew he was married.

3.  **Same—Complaint Failing to Allege Plaintiff Unmarried at Time of Seduction, Properly Demurred To.**

    A complaint for damages for seduction, which fails to allege that plaintiff was unmarried at time the alleged seduction was accomplished, fails to state a cause of action, and was properly demurred to.

Appeal from· Circuit Court, Minnehaha County.   Hon. JOHN T. MEDIN, Judge.

Action by Edna Alice McAlpin, against Charles F. Gremmels, to recover damages for seduction. From an order overruling a demurrer to the complaint, defendant appeals. Reversed.

*Kirby, Kirby & Kirby,* and *W. J. Ellwood,* for Appellant.

*Christopherson, Melquist & Davenport,* for Respondent.

(2) To point two of the opinion, Respondent cited: Wiley v. Fleck (Ia.) 178 N. W. 414; State v. Donovan, 128 Ia. 44, 102 N. W. 791.

SMITH, J. Appeal from an order overruling a demurrer to plaintiff's complaint. The amended complaint covers 24 printed pages of the brief. The substance of the complaint is that plaintiff, since February 17, 1919, has been and is a single and unmarried woman, and at all times previous to her acquaintance and association with defendant was a chaste and virtuous woman; that since the latter part of October, 1918, when they first became acquainted, the defendant frequently visited plaintiff at her residence in Sioux Falls, and by means of protestations and promises of love and affection caused her to love and trust him, and by promises of marriage in the near future, and by the furnishing and use of intoxicating liquors, all with intent to debauch the plaintiff—setting forth the acts and protestations of defendant at great length, and with nauseating detail—the plaintiff was persuaded and induced to have sexual intercourse with defendant, and thereby became and now is pregnant.

[1] A virtuous woman, married or unmarried, may be seduced by a man, single or married; but under the statutes of this state, only an unmarried woman may recover damages for her own seduction. Rev. Code 1919, § 2977; Smith v. Yaryan, 69 Ind. 445, 35 Am. Rep. 232; Greenman v. O'Riley, 144 Mich. 534, 108 N. W. 421, 115 Am. St. Rep. 466; Velthouse v. Alderink, 153 Mich. 217, 117 N. W. 76, 18 L. R. A. (N. S.) 587, 15 Ann. Cas. 1111; Love v. Masoner, 6 Baxt. (Tenn.) 24, 32 Am. Rep. 522; 24 R. C. L. 744, § 17.

[2, 3] A married man may be guilty of seduction, though the woman knew he was married. Marshall v. Taylor, 98 Cal. 55, 32 Pac. 867, 35 Am. St. Rep. 144; 24 R. C. L. 734, §§ 5, 6; Hawk v. Harris, 112 Iowa, 543, 84 N. W. 664, 84 Am. St. Rep. 352; Morgan v. Muench, 181 Iowa, 719, 156 N. W. 819. The complaint alleges and the demurrer admits that plaintiff, prior

to her association with defendant, was a chaste and virtuous woman. No discussion of that proposition is necessary at this time. But under the statute only an unmarried woman may maintain an action for damages for her own seduction. Gover v. Dill, 3 Iowa, 337; Dowling v. Crapo, 65 Ind. 209.

The complaint fails to allege that plaintiff was unmarried at the time the alleged seduction was accomplished, and for that reason does not state a cause of action.

The order of the trial court overruling the demurrer is reversed.