## THE BELLEFONTAINE RAILWAY COMPANY *v.* SUMAN.

RAILROADS.—LIABILITY FOR ANIMALS KILLED.—In a complaint to·recover
of a railroad company the value of animals killed by its cars, it is not
sufficient to aver, generally, that the road was not securely fenced in, &c.,
without connecting the want of such fence with the injury, by an aver-
ment that the road was not so fenced at the place where the animals
entered upon it.

APPEAL from the *Madison* Circuit Court.

FRAZER, C. J.—The errors complained of are: 1. That a
demurrer to the complaint was overruled. 2. That a de-
murrer to the answer was sustained.

The complaint was to recover for sheep of the plaintiff,
killed by the defendant's cars. It was averred that "at the
time of the killing of said sheep said railway was not
securely fenced in, and said fence properly maintained by
said company." It is argued that it does not appear from
this averment that the railway was not securely fenced at
the place where the animals entered upon it. It is not to
be questioned that the complaint would be true, though the
railroad were securely fenced where the animals entered
upon it, and for many miles in either direction from that
point, if it was not so fenced at some remote place. Is this
sufficient? Need there be no connection whatever between
the absence of a secure fence and the fact that the animals
were found upon the railroad? It has never, we believe,
been so held by this court, nor indeed does the appellee
attempt to maintain that proposition in argument in this
case. The contrary was taken for granted by us in *The
Indianapolis and Cincinnati Railroad Co.* v. *Adkins*, 23 Ind.
340, and we think that such is the most reasonable inter-
pretation of the statute. The act makes the railroad com-
pany liable for animals killed by its cars, without proof of
negligence, if the railroad is not securely fenced. This·
statute rests upon the reason that human life is put in con-
stant peril unless railroads are protected by fences from the

approach of animals running at large, as they are customarily permitted to do by our people. Upon this ground alone have the courts been able to maintain the validity of this statute as against railroads existing under charters not imposing the duty of maintaining fences, as a police regulation, for the protection of the lives of travelers. Incidentally the liability, which is penal, inures to the benefit of the owner of the animals killed or injured, but this is merely incidental. It was competent for the legislature to give the penalty to the owner of the property, and it was wise to do so, as that would best secure the leading purpose of the act, the fencing of railroads, in consequence of the promptness with which suits therefor would be likely to be prosecuted. Nor is it improbable that this incident of the act may have somewhat commended it to legislative favor, in view of the habit of the people, in earlier times more common than now, of allowing domestic animals to run at large. But when the want of a fence has no connection with the fact that the animal is upon the railroad track, as when it entered by breaking down or leaping over a sufficient fence, the peril thereby caused to travelers, and the injury to the animal, do not result from the failure to maintain a fence, and it is not reasonable to believe that the legislature intended, in such a case, to inflict a penalty upon the railroad company, or give compensation to the owner of the animal injured, merely because at some remote place upon the line of the railroad no sufficient fence was maintained. We have many railroads in *Indiana* which terminate in adjoining states, and some which extend across adjoining states into those more remote, and under our laws they might reach even across the continent from ocean to ocean. Was it intended to inflict a penalty in *Indiana* for a failure to fence that portion of the appellant's railroad which lies in the State of *Ohio?* Or in *Randolph* county for a failure to fence in *Marion* county? Why not? The language of the act is so general as not, by its terms, to forbid so broad a construction, and it can be restricted only for the reason

that it is a highly penal statute; that the legislative purpose and intent, supposed always to be just, unless that is impossible, is fully accomplished, without violence to the language employed, by a narrower interpretation; and so broad a construction would result in consequences so absurd and unjust that the courts are compelled, by the respect which is due to the legislative department, to assume that it did not so intend. Many cases in this State, and in others having a like statute, rest upon this principle, and without it could not be maintained. Thus: that where, by reason of the owner of the animals injured, who was a conterminous proprietor, having failed to make the fence according to contract with the railroad company, they got upon the road, he cannot recover. *Terre Haute and Richmond Railroad Co.* v. *Smith*, 16 Ind. 102. Nor his tenant as to gates or bars at private farm crossings; *Indianapolis, &c., Railroad Co.* v. *Shimer*, 17 Ind. 295; *Cincinnati, Hamilton, &c., Railroad Co.* v. *Waterson*, 4 Ohio St. 424. Nor a third person trespassing upon the lands adjoining such gates or bars; *Indianapolis, &c., Railroad Co.* v. *Adkins*, 23 Ind. 340. Nor if the injury occurred where the road ought not to be fenced, as at a mill yard; *Indianapolis, &c., Railroad Co.* v. *Kinney*, 8 Ind. 402; or a street crossing; *Lafayette, &c., Railroad Co.* v. *Shriner*, 6 Ind. 141. But we need not multiply citations.

In the cases contemplated by the statute, the failure to maintain a sufficient fence is taken as the equivalent of negligence in the management of the train as the cause of the injury. If the case stated by the complaint is not within the statute, and negligence is not alleged, the complaint cannot be good. The complaint being bad, of course the answer was good enough for it.

The judgment is reversed, with costs, and the cause remanded, with directions to sustain the demurrer to the complaint.

*J. A. Harrison*, for appellant.

*M. S. Robinson*, for appellee.