## THE OHIO AND MISSISSIPPI RAILWAY CO. *v.* MILLER.

RAILROAD.—*Complaint for Killing Live-Stock.*—A complaint before a justice of the peace against a railroad company for killing a cow belonging to the plaintiff charged that the animal was killed by a locomotive of the defendant, at a point where the railroad was by law required to be fenced, and where the same was not fenced.

*Held,* that the complaint was sufficient. It was not necessary to aver that the animal went upon the track at a place where the road was not fenced; the reasonable inference from the averments of the complaint being that the road was not securely fenced at the place where it went upon the track and was killed.

From the Vanderburgh Circuit Court.

*T. Gazlay, W. H. DeWolf, J. M. Shackelford,* and *R. D. Richardson,* for appellant.

*G. G. Reily* and *W. C. Johnson,* for appellee.

DOWNEY, J.—This was an action by the appellee against the appellant, commenced before a justice of the peace in Knox county.

It is alleged in the complaint that in October, 1872, the plaintiff was the owner of a red cow of the value of fifty dollars; that the defendant, at that time, owned, used, and operated a railroad in and through the county, and that said

defendant then and there, by a locomotive being so used and operated on said railway, at a point where the same was required by law to be fenced, and where the same was not fenced, ran against and over the plaintiff's said cow and thereby bruised and wounded her so that she could not be cured, and was therefore killed by a servant of the defendant; wherefore, etc.

Before the justice of the peace, there was judgment for the defendant, and the plaintiff appealed to the circuit court.

On application of the defendant, the venue was changed to the Vanderburgh Circuit Court. In that court a demurrer to the complaint which had been filed before the justice of the peace, alleging that the complaint did not state facts sufficient to constitute a cause of action, was overruled by the court, and to this ruling the defendant excepted. The cause was thereupon submitted to the court for trial, without the intervention of a jury, and the court found for the plaintiff, assessing the damages at forty dollars. The defendant moved the court for a new trial, alleging that the finding of the court was contrary to the law and evidence.

This motion was overruled and final judgment rendered for the plaintiff.

Two errors are properly assigned:

1. Overruling the demurrer to the complaint; and,

2. Refusing to grant a new trial.

The objection urged against the complaint is, that it does not aver that the road of appellant was not securely fenced at the point where the animal entered upon the road.

We are referred by counsel for the appellant to the case of *The Bellefontaine Railway Company* v. *Suman*, 29 Ind. 40, as authority for their position. There is no doubt but that the material question in all such cases is, whether or not the road was fenced at the point where the animal went upon it, and so far as we have been able to see, in every case where the point has been made, it has been so decided. *The Toledo, Wabash, and Western Railway Co.* v. *Howell*, 38 Ind. 447; *The Jeffersonville, Madison, and Indianapolis Railroad*

*Co.* v. *Avery*, 31 Ind. 277 ; *The Indianapolis and Cincinnati Railroad Co.* v. *Adkins*, 23 Ind. 340. There are several cases, however, where the attention of the court seems not to have been particularly called to this point, in which the language might seem to justify the inference that the question is, whether the road was fenced at the point where the animal was killed. As liable to this remark, reference may be made to *The Bellefontaine Railway Company* v. *Reed*, 33 Ind. 476 ; *The Ohio and Mississippi Railroad Co.* v. *Hays*, 35 Ind. 173 ; and there are, doubtless, other cases.

It is probable that in most of such cases the place where the animal is killed is at or near that where it came upon the road.

In actions for animals killed on railroads, commenced before a justice of the peace, considerable liberality seems to have been indulged in deciding upon the sufficiency of the complaint. In *The Indianapolis and Cincinnati Railroad Co.* v. *Adkins, supra*, the language of the complaint was, that "at the place and time where said" animal "was killed by the defendant's locomotive and cars, the same was not securely fenced," etc. The court say : " We think this averment is sufficient. We cannot presume that the animals, after going on the track, had travelled along it, for any very considerable distance before they were killed, in the absence of an averment of that fact. The reasonable inference to be drawn from the averment, we think, is that the road was not securely fenced at the place where the animals went upon the track, and were there killed. If the fact was otherwise, it could be shown on the trial, and no prejudice could result to the defendant." We think the complaint was sufficient.

The remaining question relates to the sufficiency of the evidence to justify the finding of the court. It is urged that it does not show that the cow was killed in Knox county. We have carefully read the evidence as set out in the bill of exceptions, and think it shows this fact with reasonable certainty.

The judgment is affirmed, with costs.