Alford *et al. v.* Baker *et al.*

---

ALFORD ET AL. *v.* BAKER ET AL.

PLEADING. — *Fraudulent Conveyance.*—*Debtor's Insolvency.* — In an action whereby a creditor seeks to recover judgment for the amount of his claim and to subject to execution property fraudulently conveyed by his creditor to a third person, an allegation in the complaint that the debtor has no property left subject to execution is a sufficient allegation of the debtor's insolvency, and shows a sufficient reason for seeking to reach the property so fraudulently conveyed.

SAME. — *Description of Property.* — *Defect Cured by Verdict.* — In such a complaint, the property alleged to have been fraudulently conveyed was described as "a tobacco factory in the city of Logansport, situate at the

lock foundry, worth, with the fixtures and appurtenances, seven thousand dollars."

⁘ *Held,* on motion in arrest of judgment, that this was sufficient to let in proof which might render the identity of the property certain, and the description was therefore good after verdict for the plaintiff.

FRAUDULENT CONVEYANCE.—*Insolvency.*—*Property in Another State.*—Where a debtor, residing in this State, has fraudulently conveyed away all his property subject to execution in this State, the fact that another person indebted with him as his partner, residing in another state, and having no property in this State, owns property in said other state, out of which the creditor could make his demand, will not prevent the creditor from proceeding to reach the property so fraudulently conveyed, though he may reside in said other state and the debt may have been contracted there.

PAYMENT.—*Promissory Note.*—The giving of a promissory note governed by the law merchant for a pre-existing indebtedness of the maker to the payee will discharge the debt, unless it be shown that the parties did not intend it to have that effect; but the giving of a promissory note not governed by the law merchant for such a debt does not operate as a payment thereof, unless it be so expressly stipulated between the parties.

SAME.—Where one seeks to avoid the payment of a debt on the ground that he has given his promissory note for it, which has matured, and which he has not paid, he must show affirmatively that by stipulation the note was to be received as payment, or that it was of such a character as to carry with it the legal inference that it was thus received.

PROMISSORY NOTE. — *Payable in Another State.* — *Presumption as to Law of Another State.*—The courts of this State will presume, in the absence of proof to the contrary, that a promissory note made payable in another state is governed by the common law, and not by the law merchant.

From the Carroll Circuit Court.

*S. T. McConnell, J. H. Gould,* and *Turpie & Pierce,* for appellants.

*D. P. Baldwin* and *M. Winfield,* for appellees.

WORDEN, C. J.—This action, which was commenced in the county of Cass, and taken by change of venue to Carroll, was brought by the appellees, Stanley A. Baker and Americus L. Symms, against Corrington L. Alford and Lewis L. Ross, as partners under the name of Alford & Ross, and Loyal A. Alford. The complaint sought to recover from the defendants Corrington L. Alford and Lewis L. Ross the sum of twelve thousand dollars for goods sold and delivered

by the plaintiffs as partners, to the defendants Corrington L. Alford and Ross, and for money paid, laid out and expended by the plaintiff for the use of those defendants; and also to subject certain property to execution, which had been, as was alleged, fraudulently conveyed to said Loyal A. Alford.

The complaint was in several paragraphs, but for the purposes of the questions involved, we need notice but one. The first paragraph, which has been sent up in return to a writ of *certiorari,* it having been omitted in the original transcript, after stating the indebtedness, proceeds as follows, viz.:

" That the firm of Alford & Ross, at the date of said sale, owned a tobacco factory in the city of Logansport, situate at the lock foundry, worth, with the fixtures and appurtenances, seven thousand dollars.   The defendant. Ross was a non-resident, and this was all his property in Indiana.   That defendant Corrington L. Alford owned the east half of outlot number seven (7), Tipton's administrator's addition to Logansport, which lot was greatly improved, and worth, with improvements, five thousand dollars; thus said firm was solvent; that Loyal A. Alford is the father of said Corrington; that to fraudulently cheat, hinder and defraud these plaintiffs in the collection of their said debt, the said Corrington L. Alford fraudulently conveyed to the defendant Loyal A. Alford, and, without consideration paid him therefor, transferred, and the said Loyal A. Alford, fraudulently, and to cheat and delay these plaintiffs in the collection of said debt, received from his son, C. L. Alford, conveyances of said house and lot, and of his, said C. L. Alford's, interest in said tobacco. factory; that to further effect said fraudulent schemes, the said C. L. Alford, then owning a lot or lots and buildings in Chicago, fraudulently conveyed the same to said Ross, and Ross conveyed the other half of the tobacco factory to said L. A. Alford, father of said C. L. Alford.   The plaintiff charges that said L. A Alford obtained this conveyance to further effect said fraud and absorb all of said C. L. Alford's property in his own name.   That, by

these conveyances, Alford & Ross have no property left sub-
ject to execution, the same being wholly held and owned by
said L. A. Alford; that the purpose of said conveyances by
the Alfords was and is to defraud these plaintiffs."

No demurrer was filed to either paragraph of the com-
plaint, but an answer of several paragraphs was filed, and
issue joined. The cause was submitted for trial to a jury,
who returned a general verdict for the plaintiffs, with
answers to interrogatories. The jury, in answer to interro-
gatories, found that Corrington L. Alford conveyed his
interest in the tobacco factory and the other property to his
father, with the fraudulent intent to cheat, hinder and delay
the creditors of the firm of Alford & Ross, and that his
father, Loyal A. Alford, had knowledge at the time, of the
fraudulent intent. By the general verdict, the jury found
in favor of the plaintiffs against Corrington L. Alford and
the defendant Ross, in the sum of ten thousand one hundred
and fourteen dollars and eighty-two cents, and against all
the defendants, that the property was conveyed to cheat, hin-
der and delay creditors, and that the conveyances ought to
be set aside, and the property subjected to the payment of
the plaintiffs' claim.

Motions for a new trial and in arrest of judgment over-
ruled, and exception.

The two Alfords appeal, Ross not joining therein.

We proceed to consider the questions relied upon in the
brief of counsel for the appellants for a reversal.

It is claimed that neither paragraph of the complaint
states facts sufficient to constitute a cause of action against
Loyal A. Alford, and, therefore, that his motion in arrest of
judgment should have prevailed. It may be observed that
the appellants' printed brief was filed before the transcript
was amended by the return of the first paragraph of the
complaint. The main objection to the complaint is, that
neither paragraph alleges the insolvency of Corrington L.
Alford and Ross, and, therefore, shows no necessity for a

resort to the property alleged to have been fraudulently conveyed, in order to make the plaintiffs' debt.

The first paragraph, it will be seen, alleges, that, by the conveyances, "Alford & Ross have no property left subject to execution." This is a sufficient allegation of insolvency, and shows a sufficient reason for seeking to reach the property in question.

Again, it is urged that the property is not sufficiently described. The half of the outlot seems to be sufficiently described to identify it. The description of the tobacco factory, with the fixtures and appurtenances, which seems to have been personal property, is rather indefinite, but, as we think, good enough after verdict. The description is "a tobacco factory in the city of Logansport, situate at the lock foundry, worth, with the fixtures and appurtenances, seven thousand dollars."

This is sufficient to let in proof which might render the identity of the property more certain. "After verdict the court will support the declaration by every legal intendment, if there is nothing material on record to prevent it. Where a fact must necessarily have been proved at a trial to justify the verdict, and the declaration omits to state it, the defect is cured by the verdict, if the general terms of the declaration are otherwise sufficient to comprehend the proof." *Shimer* v. *Bronnenburg,* 18 Ind. 363.

"'The expression, *cured by verdict*', says Mr. Chitty, 'signifies that the court will, after a verdict, presume, or intend, that the particular thing which appears to be defectively or imperfectly stated, or omitted, in the pleading, was duly proved at the trial.'" *Peck* v. *Martin,* 17 Ind. 115. "Lord MANSFIELD, in the case of *Rushton* v. *Aspinall,* stated the rule to the following effect: 'Where the *statement* of the plaintiff's cause of action, and that only, is defective or inaccurate, the defect is cured by a general verdict in his favor; because, to entitle him to recover, all circumstances necessary, in form or substance, to complete the title so imperfectly stated, must be proved at the trial, and it is, there-

fore, a fair presumption that they were proved.'" *Westfall* v. *Stark*, 24 Ind. 377. See, also, *Taylor* v. *Short*, 40 Ind. 506.

We have not examined with much care the other paragraphs of the complaint. The first is, in our opinion, sufficient in all respects to uphold the judgment on the verdict, both as against Loyal A. Alford and the other defendants, and, therefore, the motion in arrest was properly overruled.

The court gave to the jury the following instructions, which are claimed to have been erroneous, viz.:

"No. 3. A creditor having a resident debtor in Indiana, is not bound to go out of this State to collect his claim. If a debtor fraudulently conveys away all his property subject to execution within Indiana, it is no excuse for the fraud that the debtor's partner has property in Ohio, out of which the creditor could make his demand."

"No. 16. If you find from the evidence that C. L. Alford, at the time this suit was instituted, had no property in the State subject to execution, and that Ross was a non-resident of Indiana, and had, before the institution of this suit, sold all his property within this State, this is sufficient proof of insolvency."

"No. 19. If you find from the evidence that the plaintiffs had a running account with the firm of Alford & Ross, extending over the space of one or two years; that during this time the said firm gave to the plaintiffs their negotiable promissory note for a less amount than was due the plaintiffs, which was only to be considered as a payment on the account in case said note was paid; that the plaintiffs negotiated said note, but that the same was not paid by the defendants when due; and that the note was paid at a bank in Covington, where negotiated, by the plaintiffs, and which was then and there cancelled by the bank and surrendered to the plaintiffs; that in all the subsequent negotiations between the plaintiffs and defendants, said note was not treated as a payment on an account, and that the defendants actually gave the plaintiffs credit on their books for the note so paid,

such note would not be a payment, even though the plaintiffs gave the defendants credit on their books for said note. *The giving of a promissory note by the debtor to his creditor for a pre-existing debt is not a payment, unless at the time it is expressly agreed that it shall be received in payment of the debt."*

We think there was no error committed in giving the third and sixteenth instructions. The plaintiffs were not required to go into another state to find property out of which to make their claim, before they had a right to attack the fraudulent sales and subject the property to the payment thereof. But it is claimed by the appellants, that, as the plaintiffs resided in Ohio, where the goods were sold for which the action was brought, and as one of the defendants, Ross, resided in Ohio, the property of Ross in Ohio should have been subjected to the payment of the debt before proceeding to reach the property in question. We do not concur in this view. If one of the defendants resided in Ohio, and one in Indiana, the plaintiffs had a right to pursue their remedy in either state, and to subject property within the jurisdiction, and in accordance with the laws of that state, to the payment of their debt. And, for this purpose, it is immaterial whether the debt was contracted in the state where the action is brought, or elsewhere.

It is only the latter part of the nineteenth charge, as we understand the brief of counsel for the appellants, to which objection is made. We have italicised the portion objected to for distinctness.

The charge, taken altogether, seems to us to have been correct; and the portion objected to, standing by itself, is not incorrect. The giving of a negotiable promissory note, governed by the law merchant, for a precedent debt, will be held to be a discharge of the debt, unless it be shown that the parties did not intend it should have that effect. The reason is, that the maker might be put to inconvenience, and perhaps obliged to pay the debt twice, as he cannot set up a payment of his original debt, after a seasonable endorsement of

the note, against the claim of an innocent holder. *Maxwell* v. *Day*, 45 Ind. 509. But we have a class of notes that are negotiable, and yet not governed by the law merchant. Such are notes payable generally, and not out of the state, and not in a bank in this State. "Whatever defense or set-off the maker of any such instrument had, before notice of assignment, against an assignor, or against the original payee, he shall have also against their assignees." 1 G. & H. 448, sec. 3.

Thus it is seen that the reason of the rule does not apply, unless the note is governed by the law merchant. The maker of a note not governed by the law merchant may avail himself of any defense that may accrue to him before he has notice of assignment; and we think it clear that the taking of such note for a precedent debt does not operate as payment of the debt, unless it is so expressly stipulated between the parties. *Tyner* v. *Stoops*, 11 Ind. 22; *Huff* v. *Cole*, 45 Ind. 300.

The part of the charge objected to does not speak of a note governed by the law merchant, nor even of a negotiable note. It is correct, as applied to a promissory note which is not governed by the law merchant.

It is the duty of him who seeks to avoid the payment of a debt, on the ground that he has given his promissory note for it, which has matured, and which he has not paid, to show affirmatively that, by stipulation, it was to be received as payment, or that the note was of such character as to carry with it the legal inference that it was thus received.

The note in this case, to which the instruction applied, was both made in Kentucky and payable at a bank in Kentucky. It was therefore governed by the law of Kentucky. *Hunt* v. *Standart*, 15 Ind. 33. We cannot apply to it the law of Indiana, to determine whether or not it was governed by the law merchant. At common law, promissory notes were not placed upon the footing of bills of exchange, or governed by the law merchant. It was the statute of third and fourth Anne that effected this. *Holloway* v. *Porter*, 46

Ind. 62. We must presume, in the absence of proof to the contrary, that the common law prevails in Kentucky, and, therefore, that the note in question is governed by the common law. *Johnson* v. *Chambers,* 12 Ind. 102; *Crake* v. *Crake,* 18 Ind. 156; *Buckinghouse* v. *Gregg,* 19 Ind. 401; *Smith* v. *The Muncie National Bank,* 29 Ind. 158. We cannot presume that the statute of Anne or any similar statute is in force in that state. Where the law of another state, claimed to be different from the common law, is involved in a judicial proceeding in this State, it becomes matter of fact in such proceeding, and must be proved, and, indeed, alleged, unless the question arises in such a way as to render the pleading unnecessary. If, by any statute of Kentucky, or by the general course of the decisions of the courts of that state, such note is placed upon the footing of bills of exchange and governed by the law merchant, that fact might have been, but was not shown. Our statute makes provision for the proof both of the written and unwritten law of another state. 2 G. & H. 184, sec. 285; p. 187, sec. 290.

The note, on the evidence before the jury, did not appear to have been governed by the law merchant, and the instruction in reference to it was correct.

We cannot disturb the verdict on the evidence, which, in our opinion, is sufficient to justify the conclusions arrived at by the jury.

We have thus passed upon the points relied upon for a reversal, and find no error in the record.

The judgment is affirmed, with costs.