<hr />

THE TOLEDO, WABASH AND WESTERN R. W. Co. v. STEVENS:

RAILROAD.—*Complaint before Mayor or Justice, for killing Stock.—Defeet Cured by Verdict.—Fence.*—In an action under the statute, before the mayor of a city, against a railroad company, for killing stock, the complaint alleged, that, "on," etc , "at a point in said county of * where said railway track was not securely fenced, and not at a public crossing nor within the limits of an incorporated town or city, said defendant, by her agents, * ran a train of cars over and against" the stock of the plaintiff. which was of a certain value, and killed it.

*Held*, on an assignment of error in the Supreme Court, questioning for the first time the sufficiency of the complaint, that it is good after verdict,

in an action commenced before a mayor or justice of the peace, though it does not allege that the stock had entered upon the railroad at a point where it was not securely fenced.

SAME.—*Evidence.*— Proof of possession of the stock killed is *prima facie* evidence of ownership.

From the Miami Circuit Court.

*W. Z. Stuart, C. B. Stuart* and *T. A. Stuart,* for appellant.

WORDEN, J.—This was an action by the appellee, commenced before the mayor of Peru and afterward appealed to the circuit court, against the appellant, to recover, under the statute, for stock alleged to have been killed on the road of the defendant, at a point where it was not securely fenced.

Trial by the court, finding and judgment for the plaintiff, a motion for a new trial being overruled.

One of the errors assigned is, that the complaint does not state facts sufficient to constitute a cause of action. No point is made on the other assignments of error, except that the evidence did not sustain the finding.

The complaint contained four paragraphs.

The first alleged the killing as follows:

" That, on," etc.," at a point in said county of Miami where said railway track was not securely fenced, and not at a public crossing nor within the limits of an incorporated town or city, said defendant, by her agents and employees, ran a train of cars over and against one hog of the plaintiff, the property of the plaintiff, of the value of fourteen dollars, and killed it : to the damage of the plaintiff," etc.

The second charged, that, "on," etc., " said defendant, by her employees, ran a train of cars over and against one hog, the property of said plaintiff, of the value of sixteen dollars, and killed it, at a point in said county of Miami where said railway track was not securely fenced, and not at a public crossing nor within the limits of an incorporated city or town ; to the damage," etc.

The third alleged the killing as in the second paragraph, and the fourth as in the first.

It is claimed that the complaint was bad, because it did not aver that the animals entered upon the railroad at a point where it was not securely fenced. Had the suit been originally brought in the circuit court, and had the sufficiency of the complaint been tested by a demurrer for want of sufficient facts, the objection would have been fatal. *The Bellefontaine Railway Co.* v. *Suman,* 29 Ind. 40 But it would seem, that, in an action commenced before a justice of the peace, such complaint would be deemed sufficient. *The Ohio and Mississippi Railway Co.* v. *Miller,* 46 Ind. 215. We however need not pass upon the question whether the complaint should be deemed good, the action having been commenced before a justice of the peace, or mayor, (which is the same thing so far as this point is concerned,) if there had been a demurrer to it below. No objection whatever was made to it below, but it is attacked for the first time in this court, by the assignment of error first herein noticed. The question arises, whether the defect was not cured by the finding. We think it was.

There can be no doubt, in point of law, that, in order to make a railroad company liable under the statute for stock killed upon the road, the animals must enter upon the road at a point where it is not securely fenced. See the cases above cited. But after verdict or finding it will be presumed that the necessary proof was made. There are numerous cases in our reports which sustain this view. It will be sufficient to refer to the following: *Alford* v. *Baker,* 53 Ind. 279; *Eigenmann* v. *Backof,* 56 Ind. 594; *The Louisville, etc., R. W. Co.* v. *Spain,* 61 Ind. 460.

The only point made in respect to the evidence is, that it does not show that the plaintiff was the owner of the animals, hogs, killed. This was sufficiently shown. It appeared that the plaintiff, with his men, was driving a

lot of hogs along a road, when some of them escaped through a gap in the railroad fence, and went upon the track. The plaintiff and his men pursued them and tried to get them back, but before they could do so a train came along and killed some of them. The possession of the hogs by the plaintiff was *prima facie* evidence of his ownership thereof.

There is no error in the record.

The judgment below is affirmed, with costs.