No. 9703.

## KOONS *v.* CARNEY ET AL.

PLEADING.— *Uncertainty.*— *Demurrer.*—Uncertainty in a pleading, the result of using a wrong word, when the meaning is obvious, is not ground for demurrer.

SAME.—*Arrest of Judgment.*—A defective or inaccurate statement of the cause of action is cured by a general verdict.

From the White Circuit Court.

*D. P. Baldwin* and *D. D. Dykeman,* for appellant.

*H. C. Thornton,* for appellees.

BICKNELL, C. C.—Martin V. Carney brought this suit against John Q. Conrad and wife, John M. Koons and others, to foreclose a mortgage, given by Conrad and wife to Carney, to indemnify him against a mortgage held by the Phœnix Insurance Company upon land which Conrad and wife had sold and conveyed to Carney.

The complaint was in three paragraphs; no question arises as to the third.

The first paragraph averred the execution of said indemnifying mortgage " upon the following described real estate, situated in White county, Indiana, to wit, the north half of the southwest quarter of section 3, in township 27 north, of range 3 west," and that the same had been duly recorded, etc.; that said Phœnix Insurance Company had foreclosed its mortgage and had bought the property at the foreclosure sale; that the property had not been redeemed, so that the title thereto had become perfect in the insurance company, to plaintiff's damage $4,000; that John M. Koons, and all the other defendants except John Q. Conrad and wife, and Allen Conrad and wife, " are subsequent purchasers and mortgagees, and judgment creditors, claiming liens on said south half of John Q. Conrad. Wherefore the plaintiff demands judgment against said John Q. Conrad for $5,000, the foreclosure of his mortgage against all the defendants, and the sale of so much of his real estate as may be necessary to satisfy his judgment," and all other proper relief.

The second paragraph states the same facts, in substance, with the following conclusion: " That all the other defendants are subsequent judgment creditors, mortgagees and purchasers of said south half; wherefore," etc.

One of the defendants disclaimed; John Q. Conrad and wife, the mortgagors, and several others were defaulted; the defendant Koons demurred separately to each of the foregoing paragraphs of the complaint, for want of facts sufficient, etc. Said demurrers were overruled; issues were joined upon the answers and replies, and a jury found for the plaintiff, assessing

his damages as against John Q. Conrad, the mortgagor, at $1,400; they also found that plaintiff was entitled to a decree of foreclosure of his mortgage as against all the defendants, including Koons, except two. Judgment was rendered upon the verdict, and Koons appealed.

He has assigned several errors, but only two of them are discussed in his brief, viz., that the court erred in overruling the demurrers to the complaint, and that the court erred in overruling the motion in arrest of judgment.

The appellant says that said first paragraph states no cause of action against him because, although the mortgage is correctly described therein, and stated to have been given by John Q. Conrad and wife upon the north half of the quarter section, yet the allegation of interest in the appellant is that " he and all the other defendants are subsequent purchasers and mortgagees, and judgment creditors, that claim liens on said *south* half of John Q. Conrad."

The appellant claims that because the mortgage was averred to be and was upon the north half, and did not embrace any south half, the allegation that Koons claimed a lien on the south half does not show any interest of Koons in the mortgaged property; but the words are, that he " claimed a lien on said south half." The only half that had been mentioned to which the word " said " could refer, was the half described in the complaint and mortgage, that is, the " north half "; nothing else could be the " said half of," or belonging to " John Q. Conrad." The use of the word " south " was so evidently a mere inadvertence, that it may be rejected as surplusage, and then the allegation will be that Koons claimed a lien on said half of John Q. Conrad, that is, belonging to John Q. Conrad, and the only said half, of or belonging to John Q. Conrad, was the north half, previously described in the complaint and mortgage.

Mere uncertainty and want of precision in the statement of a cause of action, where the meaning can not be mistaken, is not ground of demurrer. *Brookville, etc., Turnpike Co.* v.

Koons *v.* Carney *et al.*

*Pumphrey,* 59 Ind 78 (26 Am. R. 76). There was no error in overruling the demurrer to the first paragraph of the complaint.

The objection to the second paragraph is, that the words, being these, to wit: "The other defendants are subsequent judgment creditors, mortgagees and purchasers of said south half," not expressly averring that they claim liens, this paragraph is also bad; but we think that here also the words "said south half" must be taken to refer to the half previously mentioned, and that the word "south" may be regarded as surplusage; the north half was evidently intended. The whole statement, although not sufficiently specific, and therefore subject to a motion to make it more specific, is not bad upon demurrer. *Snyder* v. *Baber,* 74 Ind. 47. Nobody could be misled by it, or fail to perceive that the allegation was substantially an allegation of interest in the mortgaged property. In such a case a precise statement of the interest of a defendant, made a party to answer as to his interest, is not necessary; it is enough to allege that he has or claims some interest. *Martin* v. *Noble,* 29 Ind. 216. In that case a demurrer to the complaint was sustained because it contained no averment whatever as to the party demurring.

There was no error in overruling the demurrer to the second paragraph of the complaint, and it follows there was no error in overruling the motion in arrest of judgment.

A complaint will be construed even more liberally in favor of the plaintiff after verdict than on a demurrer for want of facts. *Dowling* v. *Crapo,* 65 Ind. 209. Where the statement of the cause of action, and that only, is defective or inaccurate, the defect is cured by a general verdict in his favor. *Smock* v. *Harrison,* 74 Ind. 348; *Alford* v. *Baker,* 53 Ind. 279. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and it is hereby in all things affirmed, at the costs of the appellant.