Filed March 27, 1884.

---

No. 9565.

## HAYWOOD ET AL. *v.* HEDRICK.

NEGLIGENCE.—*Master and Servant.*—*Complaint.*—In a suit by one not a servant against a master to recover damages resulting from his servant's negligence, the complaint may impute the servant's negligence directly to the master.

PLEADING.—*Practice.*—Where the general denial is pleaded, other paragraphs averring facts provable under the general denial are useless, and there is no available error in holding them bad on demurrer. For examples, see opinion.

SAME.—*Practice.*—*Defects Cured.*—Where the fault of a complaint is merely that the facts are defectively stated, the fault is cured by verdict, and is not available in arrest of judgment or in error.

From the Superior Court of Tippecanoe County.

*G. W. Paul, J. E. Humphries, G. O. Behm* and *A. O. Behm,* for appellants.

*W. C. Wilson* and *J. H. Adams,* for appellee.

NIBLACK, C. J.—Suit by Hiram H. Hedrick against Curtis S. Haywood and Robert Craig, for causing the destruction of certain property by fire.

The plaintiff was, on the 19th day of August, 1880, the owner of considerable quantities of unthreshed wheat and

oats in stacks, and of some fencing and pine lumber, all situate near together, on his farm in Tippecanoe county. The defendants were, at the same time, the owners of a threshing machine propelled by a portable steam engine, and, having been previously employed so to do, undertook and commenced to thresh the plaintiff's wheat and oats. The complaint charged that " while the said defendants were engaged in said undertaking, they so unskilfully, negligently and carelessly conducted themselves in and about the premises, by then and there employing an incompetent, unskilful and negligent person, and who was then and there in charge of defendants' said engine, and furnishing said engine with an insufficient and defective spark arrester, and by taking off or throwing up said spark arrester, whereby sparks and coals of fire were permitted to escape from the smoke stack of said engine, and which were communicated to said stacks of grain and pine lumber and rails, wholly consuming the same, all without the fault or negligence of the plaintiff."

The defendants answered : *First.* In general denial. *Second.* That a sufficient draft in the furnace attached to the engine could not be obtained without raising the spark arrester and keeping it raised when it was threshing, of which fact the plaintiff had full notice when he employed the defendants to thresh his wheat and oats ; that with knowledge of that defect in the engine, the plaintiff, in the absence of the defendants, caused their engineer to set the engine and to commence threshing in time of a high wind, whereby sparks were carried a distance of forty feet, where they came in contact with and ignited the stacks of wheat and oats. *Third.* That a person, who was neither the servant nor the agent of the defendants, nor in any manner in their employment, and acting without any authority from and the knowledge of the defendants, wrongfully raised the spark arrester attached to the engine and permitted sparks to escape, whereby the plaintiff's property was burned and destroyed. Demurrers were sustained to the second and third paragraphs of the answer.

The court, at the mutual request of the parties, made a special finding of the facts, finding, amongst other things, that the engineer in charge was an incompetent engineer, and that the sparks which ignited and destroyed the plaintiff's property were negligently permitted to escape, without fault or negligence on the part of the plaintiff, and assessing the plaintiff's damages at $374.25. A motion for a new trial having been first overruled, the defendants moved in arrest of judgment, and that motion being also denied there was judgment against the defendants.

It is first claimed that the demurrers to the second and third paragraphs of the answer ought to have been overruled. It is true, as contended, that the facts contained in both of these paragraphs were such as tended to defeat the plaintiff's demand for damages.

The second paragraph amounted to a charge that the plaintiff had been guilty of contributory negligence, and the third to an allegation that it was not the defendants, but some third person, who caused the plaintiff's property to be destroyed.

These were all matters admissible in evidence under the general denial, and hence did not have to be specially pleaded to make them available as a defence. Addison Torts, par. 585. The defendants were consequently not injured by the ruling of the court upon these paragraphs of answer.

The next objection made to the proceedings below is, that the finding of the court was not sustained by the evidence, but that argument must have been inadvertently submitted as the evidence is not in the record.

It is made a further ground of objection here that the complaint was materially defective, and that for that reason the motion in arrest of judgment ought to have been sustained.

The argument in support of this objection is, that the complaint was bad for failing to charge that the defendants had been guilty of negligence in the selection and employment of the engineer, who was in charge of their engine when the injury complained of was inflicted; that where, in cases like

this, the principals do their whole duty in placing their business in the hands of suitable persons, they are not responsible for the negligence or mismanagement of their agents or employees.

The authorities cited as sustaining this position have reference to cases in which the servant sues the master for the negligence of his fellow servant, and not to actions by a plaintiff who had no such business relations with the master at the time of the alleged injury. In actions of the class to which this belongs, the negligence of the servant is imputed to the master, and it is sufficient to charge the injury sued for directly to the master. *Ohio, etc., R. W. Co.* v. *Collarn,* 73 Ind. 261 (38 Am. R. 134); Addison Torts, secs. 579 and 586.

In charging the negligence of the defendants as the proximate cause of the destruction of the plaintiff's property, more direct, compact and incisive allegations might have been made. It would have been more in accordance with the rules of strictly good pleading to have charged that the sparks were *negligently* permitted to escape from the engine, but whatever the defects or imperfections of the complaint may have been, they were of a character which were curable by a verdict in favor of the plaintiff, and were, consequently, cured by the finding of the court.

Error is assigned upon the alleged insufficiency of the complaint, but that adds nothing to the force of the objections made to that pleading upon the motion in arrest of judgment.

When, as in this case, there has been no demurrer to the complaint, and its defective averments have been cured by the verdict, such defective averments can not, either by motion in arrest of judgment, or by assignment of error in this court, be made available as a cause for a reversal of the judgment. *Toledo, etc., R. W. Co.* v. *Stevens,* 63 Ind. 337.

The judgment is affirmed, with costs.

Filed Nov. 20, 1883.   Petition for a rehearing overruled April 3, 1884.