Filed Nov. 26, 1883.

---

No. 10,843.

## Louisville, New Albany and Chicago Railway Company *v.* Detrick.

RAILROAD.—*Killing Stock.*—*Complaint.*—A complaint before a justice of the peace, under the statute, R. S. 1881, section 4025, to recover the value of a mare, which, with the other necessary allegations, avers that " where said mare entered upon said defendant's railway and was killed, said railway was not fenced at all," is sufficient on demurrer.

SAME.—*Evidence.*—*Value.*—*Identification.*—In a suit to recover the value of an animal killed by the defendant, evidence of the value of the animal a month before the killing is admissible, though the witness can identify the animal only as one belonging to the plaintiff, *said* to have been killed.

From the Jasper Circuit Court.

*W. F. Stillwell,* for appellant.

*J. N. Wallace,* for appellee.

NIBLACK, J.—Action by Jacob Detrick against the Louis-

ville, New Albany and Chicago Railway Company for killing a mare on the 9th day of May, 1882, of the alleged value of $150, by running their locomotive and train of cars against, upon and over said mare, in the county of White in this State.

The complaint concluded with the averment, that "Where said mare entered upon said defendant's railway, and was injured, damaged and killed, said railway was not securely and lawfully fenced, and in fact was not fenced at all."

The action was commenced before a justice of the peace and brought by appeal to the White Circuit Court. · It was thence taken, upon a change of venue, to the Jasper Circuit Court, where, at the January term, 1883, a demurrer was over-ruled to the complaint, and where, upon a trial by the court, there was a finding and judgment for the plaintiff for $140.

The first subject to which our attention is directed is that of the sufficiency of the complaint. It is argued that the averments of the complaint do not in any way connect the want of a fence with the injury to the mare; and the cases of *Bellefontaine, etc., R. W. Co.* v. *Suman*, 29 Ind. 40, and *Toledo, etc., R. W. Co.* v. *Stevens*, 63 Ind. 337, are cited as sustaining that assumption.

The complaints in those cases were, however, materially different from the complaint in this, and especially with reference to the point which those cases are cited as sustaining. On the contrary, we think the sufficiency of the complaint in this case is inferentially established by what was said and decided in those cases. See, also, the cases of *Ohio, etc., R. W. Co.* v. *Miller*, 46 Ind. 215.

Some questions upon the admissibility of evidence are also presented for our decision.

It was first made to appear by evidence, which seems to have been satisfactory to the court, that on the night preceding the day, and at the place named in the complaint, the mare was struck and fatally injured by the appellant's locomotive and train of cars. Accompanying evidence was also introduced touching the value of the mare, by witnesses who were well

acquainted with her and who saw her after she was injured. Thereupon one Lyman was introduced as a witness for the appellee, and over objections interposed on behalf of the appellant, was asked and permitted to answer questions as follows:

"Question. You may state, Mr. Lyman, if you saw or knew the bay mare of Mr. Detrick that was said to have been killed upon the railroad in May last? Answer. Yes, sir! I knew that mare.

"Ques. State now, Mr. Lyman, what that mare was reasonably worth during last May, or * * * at the time of her injury? Ans. The last time I saw the mare was in April. I approached Detrick and asked him if he would sell her.

"Ques. State what she was reasonably worth at that time? Ans. She would be worth about $140."

The objection urged to the first question is that it did not sufficiently indentify the mare, concerning which the enquiry was made. The answer showed that the witness clearly understood what mare was referred to by the question. Nothing more could have been accomplished by a more specific question, and we are unable to formulate any theory upon which the appellant could have been injured by the question. If there was, in fact, any mistake on the part of the witness. as to the animal to which he had reference, that was a matter which might have been brought out upon cross-examination.

It is objected to the answer to the second question, and to the third question and the answer to it, that they all refer to a period too remote from the time at which the mare was killed, and were hence incompetent as tending to establish the value of the mare when, or immediately before, she was killed.

It would seem to us to be prescribing too narrow a rule to hold that the period of time named by the witness was too remote to have any practical bearing on the value of the mare when she received her fatal injury, but, however that might be as an independent proposition, the evidence complained of was unquestionably competent, when taken in connection

with the testimony of other witnesses, who were acquainted with the mare at a later period, and who saw her after she was struck by the locomotive. *Toledo, etc., R. W. Co.* v. *Smith,* 25 Ind. 288. Similar questions are made upon the testimony of other witnesses who followed Lyman, but what we have said in principle disposes of all the questions reserved by the appellant on the admissibility of evidence.

The finding of the court appears to have been fairly sustained by the evidence, and nothing has been shown entitling the appellants to a reversal of the judgment.

The judgment is affirmed, with costs.

HAMMOND, J., did not participate in the decision of this cause.

Filed Nov. 26, 1883.