No. 9625.

## THE INDIANAPOLIS AND VINCENNES RAILROAD COMPANY ET AL. *v.* SIMS.

RAILROAD.—*Killing Stock.—Justice of the Peace.—Pleading.*—A complaint before a justice of the peace against a railroad company for killing stock, under the statute, is good without alleging that the railroad was not se-curely fenced where the animals entered upon it.

SAME.—*Evidence.— Variance.*—Upon such a complaint charging a single transaction, by which several animals were killed, it is error to admit evidence of more than one occurrence.

From the Morgan Circuit Court.

*S. O. Pickens*, for appellants.

*L. Ferguson* and *J. H. Jordan*, for appellee.

ELLIOTT, J.—The general rule is, that in order to recover against a railroad company for killing cattle, it must be shown that the road was not fenced at the point where the cattle entered upon it, and as the right to recover in such·cases is of statutory origin, it would seem to follow that in all cases and in all courts the complaint should charge that the road was not fenced at the place where the cattle entered. That it must do so in the circuit court is firmly settled. *Jeffersonville, etc., R. R. Co. v. Lyon,* 72 Ind. 107; *Toledo, etc., R. W. Co. v. Stevens,* 63 Ind. 337; *Ohio, etc., R. W. Co. v. Miller,* 46 Ind. 215. But it is held that it is not necessary that the complaint in an action before a justice of the peace should make such an averment. *Indianapolis, etc., R. R. Co. v. Adkins,* 23 Ind. 340; *Ohio, etc., R. W. Co. v. Miller, supra; Toledo, etc., R. W. Co. v. Stevens, supra.* We are not entirely satisfied with the reasoning upon which these last cases proceed, for if the railroad company is liable only by virtue of the statute, and only when the cattle enter at an unfenced place, it is difficult to perceive how there can be a cause of action under the statute without an averment that the road was not fenced at the place where the cattle entered, but we feel bound by the former decisions and must follow them. As the action was commenced before a justice of the peace, we must sustain the complaint, although it does not contain the averment that the road was not fenced at the place where the cattle entered on appellant's roadway.

A complaint good in the justice's court is good on appeal. An amendment in the circuit court does not necessarily change the character of the pleading, nor take it out of the rules which apply to pleadings on appeal from justices of the peace.

The complaint is in one paragraph and charges that "on or about the 20th day of December, 1880," the defendant did, " with its locomotive and train of cars running on and over its road, through said county, run over and kill and

maim one red and white spotted steer ten years old, one red and white spotted heifer two years old, and one hog weighing 200 pounds."

Where several animals are killed at the same time, there is only one cause of action. *Indianapolis, etc., R. R. Co.* v. *Elliott,* 20 Ind. 430; *Jeffersonville, etc., R. R. Co.* v. *Brevoort,* 30 Ind. 324. Where animals are killed at different times the causes of action are separate and distinct. *Indianapolis, etc., R. R. Co.* v. *Brevoort, supra;* *Toledo, etc., R. W. Co.* v. *Tilton,* 27 Ind. 71; *Indianapolis, etc., R. R. Co.* v. *Kercheval,* 24 Ind. 139; *Indianapolis, etc., R. R. Co.* v. *Elliott, supra.* In the complaint before us there is one cause of action, and only one set forth, and to that one cause of action the evidence of the appellee should have been confined. The only reasonable construction that can be given the pleading is, that it charges one occurrence wherein all the animals described were killed, and not three separate occurrences.

It is said in the brief of appellee's counsel that the objection to the evidence of more than one occurrence was not properly saved, but the record is against them on this point, for we find there the following: "The defendant objected on the ground that under the plaintiff's complaint he could only prove and recover for one single transaction."

The judgment must be reversed for the error in admitting evidence of the killing of an animal at a time different from that alleged in the complaint, and in not requiring the appellee to confine his evidence to one occurrence. Had different occurrences been described in the complaint, then a different rule would apply, but as only one occurrence is pleaded, to that the evidence must be limited.

Judgment reversed, with instructions to sustain appellant's motion for a new trial.

Filed Jan. 8, 1884.