No. 10,773.

## THE PENNSYLVANIA COMPANY ET AL. *v.* RUSIE.

PLEADING.—*Justice of the Peace.*—*Complaint against Railroad Company for Killing Stock.*—A complaint before a justice of the peace against a railroad company, averring that, on, etc., at, etc., the defendant's servants wilfully and negligently, and without any fault of the plaintiff, ran its cars upon plaintiff's mare, whereby, etc., is sufficient after verdict.

SAME.—*Appeal.*—*Practice.*—Where on appeal from a justice of the peace, the complaint is amended in the circuit court, its sufficiency is to be determined by the rules of pleading before justices of the peace.

INSTRUCTIONS.—An instruction will be reviewed in connection with others given, and, thus considered, if the law be correctly stated, there is no error.

From the Morgan Circuit Court.

*S. O. Pickens,* for appellants.

*G. A. Adams* and *J. S. Newby,* for appellee.

ZOLLARS, J.—With the averment that appellants are a corporation, there are the further averments in the complaint: "That on the twelfth day of September, 1881, the defendant's servants, wilfully and negligently, and without any fault of the plaintiff, ran the defendant's train of cars against and upon plaintiff's mare, in Morgan county, Indiana, whereby she received injuries, from the effects of which she died, to the damage of the plaintiff," etc.

Counsel for appellant assails the complaint, and argues that it does not charge a wrong upon the railroad company, but upon its servants, without any averment that they were in the line of their employment in operating the train. As here presented, the objections are not tenable. The action was commenced before a justice of the peace. On appeal to the circuit court, the complaint was amended by adding the averment that appellee was without fault. Notwithstanding this amendment, the complaint must be tested by the rules of pleading applied in justice courts.

No demurrer was filed to the complaint in either court. Its

sufficiency was called in question by a motion to arrest the judgment. As against this motion, under the liberal rules of pleading and practice in justices' courts, we think the complaint sufficient. Without elaboration, we cite the following cases, illustrative of these rules, and the rule to be applied, where the sufficiency of the complaint is called in question for the first time by a motion to arrest the judgment. *Smith* v. *District Trustees, etc.,* 5 Blackf. 40; *Milholland* v. *Pence,* 11 Ind. 203; *Clark* v. *Benefiel,* 18 Ind. 405; *Ohio, etc., R. W. Co.* v. *Miller,* 46 Ind. 215; *Crocker* v. *Hoffman,* 48 Ind. 207; *Powell* v. *DeHart,* 55 Ind. 94; *United States Ex. Co.* v. *Keefer,* 59 Ind. 263; *Smith* v. *Stanford,* 62 Ind. 392; *Indianapolis, etc., R. R. Co.* v. *Sims,* 92 Ind. 496; *Beard* v. *First Presbyterian Church, etc.,* 10 Ind. 568; *Indianapolis, etc., R. R. Co.* v. *Petty,* 30 Ind. 261; *Alford* v. *Baker,* 53 Ind. 279; *Eigenmann* v. *Backof,* 56 Ind. 594; *Hewett* v. *Jenkins,* 60 Ind. 110; *Sherrod* v. *Shirley,* 57 Ind. 13; *Donellan* v. *Hardy,* 57 Ind. 393; *Louisville, etc., R. W. Co.* v. *Spain,* 61 Ind. 460; *Scott* v. *Zartman,* 61 Ind. 328; *Hostetler* v. *State, ex rel.,* 62 Ind. 183; *Toledo, etc., R. W. Co.* v. *Stevens,* 63 Ind. 337; *McMakin* v. *Weston,* 64 Ind. 270; *Dowling* v. *Crapo,* 65 Ind. 209; *DePriest* v. *State, ex rel.,* 68 Ind. 569; *Evansville, etc., R. R. Co.* v. *Willis,* 80 Ind. 225; *Beineke* v. *Wurgler,* 77 Ind. 468; *Koons* v. *Carney,* 87 Ind. 34; *Clegg* v. *Waterbury,* 88 Ind. 21; *Louisville, etc., R. W. Co.* v. *Harrington,* 92 Ind. 457.

Complaint is also made of the first and seventh instructions given by the court. The first simply states the contents of the complaint, substantially in its language, and the denial thereof. The seventh states briefly the claim made by the plaintiff in his complaint, and that if the horse was wilfully killed, contributory negligence is not a defence.

The objection urged against these instructions is, that they proceed upon the theory of the complaint, and that the jury might have understood from them that the plaintiff was entitled to recover, whether the acts of the servants were within the line of their employment or not. These instructions

should be considered in connection with the others given by the court upon the same subject. In the fourth, the jury was told in emphatic language that in order for the plaintiff to recover, he must establish, by a preponderance of the evidence, that the defendants wilfully or negligently injured plaintiff's horse, without fault on his part. Other instructions put the case to the jury as between the appellee and appellants, as the parties to the action, and upon the theory that appellee was not entitled to recover unless the appellants were in fault in the injury to the animal. It is very patent from the several instructions, that the case was tried upon the theory, that the complaint charged the wrong upon the appellants through their servants, and not upon the servants independent of their principals. The evidence is not in the record. In its absence, we must presume that it made out a case against appellants upon the theory of the instructions.

As we find no available error in the record, the judgment is affirmed with costs.

Filed Jan. 29, 1884. Petition for a rehearing overruled May 7, 1884.