The Wabash, St. Louis and Pacific Railway Company v. Lash.

Filed Sept. 22, 1885.

No. 11,919.

The Wabash, St. Louis and Pacific Railway Company v. Lash.

RAILROAD.—*Killing Animals.—Fences.—Action Before Mayor.—Possession of Road.—Complaint.*—A complaint against a railroad company before the mayor of a city, to recover damages for animals killed on the track of the railroad at a point where the same was not securely fenced, alleging that such animals "entered upon the said railway, and were then and there, by the locomotive, cars and carriages of the said defendant, killed," etc., sufficiently shows that the defendant was in possession of the road and operating the train.

SAME.—*Pleading and Practice Before Mayor.—Appeal.*—Where a cause is commenced before a mayor, the rules of pleading and practice before that tribunal must be observed in the circuit court on appeal, and a complaint sufficient before a mayor is sufficient in the circuit court.

SAME.—*Jurisdiction of Mayor.*—Within the city limits, a mayor has the jurisdiction and powers of a justice of the peace; but, as a general rule, an action may be brought before him upon a contract made or for a tort committed without the city, if the defendant lives in the city.

SAME.—*Appearance.— Waiving Objection to Jurisdiction.*—By entering a full appearance, without objecting to the jurisdiction of the court, such objection is waived.

From the Warren Circuit Court.

*C. B. Stuart* and *W. V. Stuart,* for appellant.

*L. Nebeker* and *H. H. Dochterman,* for appellee.

ZOLLARS, J.—Sections 4025, *et seq.,* R. S. 1881, relating to the liabilities and obligations of railroad companies, make them liable for the value of animals which enter upon the track and

are killed at points where the proper and required fences have not been maintained.

This action is based upon that statute. The case was commenced and prosecuted to judgment before the mayor of Attica, in Fountain county. After appeal and change of venue, the case was tried and judgment rendered against appellant in the Warren Circuit Court. From that judgment the appeal was taken to this court.

Appellant now assails the complaint, and by counsel contends: First. That it is defective because it does not charge that the killing was in Fountain county; Second. Because it does not charge that the animals entered upon the track at a place where the track was not securely fenced; and, Third. Because it is nowhere shown that the appellant, its assignees, or lessees, or a receiver, were in possession of the road, or that any one else, for whose conduct it is responsible, was operating, running or controlling the locomotive, cars and carriages, which are alleged to have killed the animals. The first two objections are overthrown by the complaint, which has been sent up on *certiorari* since the filing of appellant's brief.

We set out one paragraph of the complaint, which so far as the objections go, is like each of the other paragraphs. It is as follows: "The plaintiff complains of the defendant and says, that heretofore, to wit, on or about the 5th day of March, 1882, near the city of Attica, in the county of Fountain and State of Indiana, at a point on the defendant's railway, where said railway was not securely fenced in, the plaintiff's three several hogs, of the value of thirteen dollars, entered upon the said railway, and were then and there, by the locomotive, cars and carriages of the said defendant, killed, to the damage of the plaintiff thirteen dollars, for which he prays judgment."

It is very plainly averred here, that the animals entered upon the track at a place where it was not securely fenced, and that the killing was in Fountain county. In the title of

the case, appellant is named as the defendant. The charge is, that the animals entered upon the defendant's railway and were killed by the locomotive, cars and carriages of the defendant on its railway. It is not charged in plain and emphatic language that the defendant was in the possession of its railway, nor that the train was being run and operated by the defendant, but the language used affords strong ground for an inference that it was so in possession, and operating the train. The case of *Wabash, etc., R. W. Co.* v. *Rooker*, 90 Ind. 581, is not conclusive here for two reasons: First. In that case, the averments are not the same as here. In that case, the charge was, that the " said locomotive and train of cars, and each of them, were at the time of said respective accidents being run and controlled by said defendant, or some lessee thereof, or other person unknown to the plaintiffs." It was held that the alternative averments neutralized each other, so that there was, in effect, an absence of any allegation that the appellant had in any way injured the property of the plaintiff. On account of the alternative statements in that case, there could not be even an inference as to what corporation or person was operating the train, or whether or not it was being operated by a trespasser. That can hardly be said of the case before us.

In the second place, that was an action commenced in the circuit court, where the rules of pleading and practice are much more exact and technical than before justices of the peace or mayors. It is not necessary for us to decide, and we do not decide, that the complaint before us would be sufficient had the case been commenced in the circuit court. After a careful examination and consideration of the objection urged by counsel, we feel constrained to hold that, as the case was commenced before a mayor, where the rules of pleading and practice before a justice of the peace obtain, the complaint contains a sufficient statement of facts to withstand the demurrer directed against it. The demurrer was filed in the circuit court, but the cause having been commenced before

The Wabash, St. Louis and Pacific Railway Company *v.* Lash.

the mayor, the rules of pleading and practice before that tribunal must be observed in the circuit court on appeal. The complaint, being sufficient before the mayor, was sufficient in the circuit court. *Carter* v. *Edwards,* 16 Ind. 238 ; *Bernhamer* v. *Conard,* 45 Ind. 151 ; *Hill* v. *Sleeper,* 58 Ind. 221.

By a long line of decisions, some averments, which are deemed necessary and essential in a complaint in a case commenced in the circuit court, may be omitted when the case is commenced before a justice of the peace or mayor. For example, it has been many times held by this court, that in a case of this character, if the action is commenced in the circuit court, the complaint, to be sufficient, must contain the averment that the animals entered upon the railroad at a point where it was not fenced, and that this averment may be omitted in a complaint in a like case before a justice of the peace or mayor. We cite some of the cases : *Toledo, etc., R. W. Co.* v. *Stevens,* 63 Ind. 337 ; *Indianapolis, etc., R. R. Co.* v. *Sims,* 92 Ind. 496 ; *Louisville, etc., R. W. Co.* v. *Argenbright,* 98 Ind. 254 ; *Ohio, etc., R. W. Co.* v. *Miller,* 46 Ind. 215 ; *Pennsylvania Co.* v. *Rusie,* 95 Ind. 236.

If this averment, deemed essential in the circuit court, may be omitted in a complaint before a justice of the peace or mayor, it would seem very clear that the complaint before us should not be overthrown because of its indefiniteness or omission as to the possession of the road and the operation of the train that caused the injury, if in any case such averments are necessary. More directly in point than the cases above cited is the case of *White Water Valley R. R. Co.* v. *Quick,* 30 Ind. 384. In this case the averment was that "a locomotive owned and used by the said defendant, on its railroad, * * * struck, ran against and over, and killed, one hog, * * * and that at the time and place of killing the road was not fenced." It was contended that this did not show that the railroad company committed the injury. It was held "that by such liberality of construction as pleadings before

justices of the peace should receive, the complaint is suffi-
cient," in this particular.

As heretofore stated, this case was commenced before the
mayor of Attica. The complaint charges that the animals
went upon the track and were killed near the city of Attica.
This shows, we think, that the killing was without the cor-
porate limits of the city. It is contended by counsel for ap-
pellant, that because the animals thus entered upon the track
and were killed without the city limits, the mayor had no
jurisdiction, and that hence the circuit court erred in over-
ruling appellant's motion to dismiss the case. The statute
in relation to fencing provides, that when animals are killed
upon a railroad track that has not been fenced as by that act
required, the owner may bring his action before any justice
of the peace of the county in which the killing is done. R.
S. 1881, section 4026.

In the general law for the incorporation of cities, the civil
jurisdiction of the mayor is fixed by the following language:
"He shall have, within the limits of said city, the jurisdic-
tion and powers of a justice of the peace in all matters civil,
and criminal, arising under the laws of this State." R. S.
1881, section 3062. One case, at least, has been passed upon
by this court in which the jurisdiction of the mayor in such
cases passed unchallenged. *Toledo, etc., R. R. Co.* v. *Stevens,*
63 Ind. 337. A paragraph of the complaint was held good
in which it was averred that the killing was without the city
limits. It is proper to say that in that case no question seems
to have been made as to the jurisdiction of the mayor.

The general rule is that the statutes limiting the jurisdic-
tion of justices of the peace to their townships have more
especial reference, in civil cases, to the residence of the
defendant. The action may be upon a contract made, or for a
tort committed, without the township, if the defendant lives
in the township. This same general rule will apply to the
mayor. If, then, in any case, the mayor has jurisdiction of
the defendant railroad company, and the killing is done

within the city limits, there would seem to be no ground for claiming that the mayor has not jurisdiction of the subject-matter, because, within the city limits, he has the jurisdiction and powers of a justice of the peace. The action is not an action *in rem*, but against the corporation. This being so, it would seem to make no difference that the killing may have been done without the city limits. In this case, it is not necessary for us to decide that the corporation was, or could be, a resident of the city, although it appears from the record that it had an agent within the city. If it was not a resident of the city, and if that fact would defeat the jurisdiction of the mayor, that question should have been made below, and before a full appearance was made to the action by the defendant. If not so made, the objection will be deemed to have been waived, and can not be made afterwards. *Nesbit* v. *Long*, 37 Ind. 300; *Mayes* v. *Goldsmith*, 58 Ind. 94; *Aurora Fire Ins. Co.* v. *Johnson*, 46 Ind. 315.

In the case before us, appellant appeared before the mayor and filed a demurrer to the complaint. Upon what ground the demurrer was based we can not tell, because the demurrer is not in the record. After the appeal to the Fountain Circuit Court, the parties appeared, and the case was set for trial; before the day set for trial, the venue was changed to the Warren Circuit Court upon the motion of appellant, supported by affidavit. At the first term of the Warren Circuit Court, after the change was perfected, the parties appeared, and the cause was continued. At the next term of that court, the cause was again set for trial on a day fixed. Before that day, appellant moved to dismiss the case, upon the ground that the mayor, before whom the case was commenced, had no jurisdiction, because the killing occurred without the limits of the city of Attica. After the overruling of this motion, appellant filed a demurrer to the complaint, one cause of which challenged the jurisdiction of the court over the subject-matter of the action. It thus appears that appellant voluntarily appeared, and at no time ques-

tioned the jurisdiction of the court over it. Any objection that might have been urged upon that ground must, therefore, be deemed to have been waived. For the purposes of this case, therefore, it must be assumed that the mayor had jurisdiction over appellant, and, that being so, it seems to be immaterial that the killing was not within the city limits. We are thus constrained to hold that the motion to dismiss, and the demurrer calling in question the jurisdiction of the court over the subject-matter of the action, were properly overruled.

Having found no available error in the record, the judgment is affirmed, with costs.

